## FOURTH DEPARTMENT, MARCH, 1929.

In the Matter of the Probate of the Last Will and Testament of ALEXANDER K. HONE, Deceased. (Appeal No. 2.)

PER CURIAM. Contestant had the right to plead as many defenses as he desired, and the answer filed is a good pleading under section 49 of the Surrogate's Court Act. After proponent makes out his *prima facie* case, the burden will rest upon contestant to prove fraud, misrepresentation and undue influence. (*Matter of Kindberg*, 207 N. Y. 220; *Matter of Falabella*, 139 N. Y. Supp. 1003.) The motion for leave to examine before trial should have been granted, to enable contestant to establish his defenses. The testimony sought is material and necessary. (Civ. Prac. Act, § 288; *Brown* v. *Brown*, 203 App. Div. 658; *Green* v. *Selznick*, 220 id. 12.) The order should be reversed, with ten dollars costs and disbursements, and the motion granted. But appellant should be limited to an examination as to whether the papers involved in the proceeding were executed freely and voluntarily or whether execution was obtained through fraud, misrepresentation or undue influence. (*Lattimer* v. *Sun-Herald Corp.*, 208 App. Div. 503.) All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ. Order entered October 23, 1928, reversed, with ten dollars costs and disbursements, and motion granted to the extent stated in the opinion, with ten dollars costs.

HELEN ROHR, as Administratrix, etc., of MARTHA GALLERY, Deceased, Appellant, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

PER CURIAM. We affirm this order solely on the ground that in our opinion the verdict was against the weight of the evidence and should have been set aside for that reason. All concur, except Sears, P. J., and Crouch, J., who vote for affirmance on the grounds stated by the trial justice. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ. Order affirmed, with costs.