In the Matter of the Probate of the Last Will and Testament of CATHERINE SCHILLINGER, Deceased.

GEORGE HETZER, as Executor, and Others, All as Legatees under Said Will, Appellants; EDWARD J. SCHILLINGER. and Others, Respondents.*

Fourth Department, March 4, 1931.

*James R. Martin* [*Warren, Shuster, Case & Halsey* and *Hampton H. Halsey* of counsel], for the appellants.

*Bly & Bly* [*Myron T. Bly* of counsel], for the respondent Edward J. Schillinger.

*Heiby W. Ungerer*, for the respondents Amelia Danielson and others.

THOMPSON, J.  The right to make a will is given by the State and it is defined and restricted by the limitations and requirements of the statutes which confer it and prescribe the form and manner in which it may be exercised.  So it is that the statute prescribes that persons entitled to make a will are those " of sound mind and memory, and no others."  (Dec. Est. Law, § 10; Id. § 15, as amd. by Laws of 1923, chap. 233; Id. § 21.)  When a will, executed in the manner prescribed by law, is presented for probate, the burden cast upon the proponent of such a will to make the proofs essential to its admission to probate is satisfied by the production of testimony establishing that the person who made it was of sound mind and memory.  If the probate be contested on the

* Revg. 135 Misc. 42.

ground of the testator's insanity or unsoundness of mind or memory, the burden remains with proponent. If one would resist the probate of a will upon the ground that its execution was brought about through the exercise of undue influence or fraud, the burden rests upon such an one to establish the undue influence and fraud that he alleges. Such burden does not shift to the proponent at any time, for he has already brought himself fully within the provisions of the State's grant by showing that his testator was of sound mind and memory when the will was executed. He need prove no more because the statute conferring the right he invokes requires no more. (Dec. Est. Law, §§ 10, 15.)

We have not overlooked section 144 of the Surrogate's Court Act (as since amd. by Laws of 1929, chap. 229) which provides in its subdivision 2 that a will is entitled to probate " if it appears to the surrogate that the will was duly executed; and that the testator, at the time of executing it, was in all respects competent to make a will and not under *restraint*." This provision was also in said section prior to the amendment of 1929, subdividing the section.

There can be no doubt that the meaning of the word " *restraint* " includes and covers the term " undue influence " (*Smith* v. *Keller*, 205 N. Y. 39, 44), or that the requirement that it must appear to the surrogate that the testator was not under restraint at the time he made his will before the will can be admitted to probate affords some basis to the theory that there is a burden resting upon the proponent of a will to prove absence of restraint, which, as we have seen, embraces undue influence. But the courts have not taken this view, although the section in its present form has been the law of the State since 1837 (Laws of 1837, chap. 460, § 18, amdg. 2 R. S. 58, § 14). On the contrary, we find that upon the question of " restraint " the burden is upon the contestants (*Matter of Fleischmann*, 176 App. Div. 786; *Matter of Allaway*, 187 id. 87), and that undue influence is an affirmative assault on the validity of a will, in which the burden of proof is and remains upon the party who asserts its existence. (*Matter of Anna*, 248 N. Y. 421, 427; *Matter of Kindberg*, 207 id. 220, 228, 229; *Matter of Hone*, 226 App. Div. 715; *Matter of Rundles*, 216 id. 658.)

" He who presents a will asserts that the testator was qualified by the statute to make it. Therefore, he asserts that the testator was of sound and disposing mind and memory. When there is proof offered to the contrary, to put the burden of the whole case upon the proponent is to place it upon him who asserts that the facts show that the act was done by one qualified under the statute. But he who asserts undue influence in effect asserts that fraud or some kindred wrong procured the testamentary expression of the

will of another than the testator. Fraud and the like are never presumed, and to put the burden of proof upon the contestant is but to place it upon him who asserts that fraud or the like was accomplished." (*Matter of Smith*, 180 App. Div. 669, 674.)

In this view the refusal of the surrogate in this case to charge the jury that the burden of proving undue influence as alleged by the contestants was upon them, was error, for which the decree should be reversed and a new trial ordered.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Decree and order reversed on the law and a new trial granted, with costs to the appellant to abide the event, payable out of the estate.