In the Matter of the Probate of the Will of CATHERINE SCHILLINGER, Deceased.

GEORGE HETZER, as Executor, et al., Respondents; EDWARD J. SCHILLINGER et al., Appellants.

(Argued December 2, 1931; decided January 5, 1932.)

*Heiby W. Ungerer* for appellants. The Surrogate correctly charged the jury that the burden of proving undue influence was upon the contestant. (*Matter of Kindberg,* 207 N. Y. 220; *Matter of Alfaya,* 204 N. Y. Supp. 90; *Matter of Smith,* 180 App. Div. 674; *Rollwagen* v. *Rollwagen,* 63 N. Y. 504; *Matter of Carter,* 199 App. Div. 405; *Matter of Jones,* 199 App. Div. 426; Jarman on Wills, 33.)

*Hampton H. Halsey* and *James R. Martin* for respondents. The Surrogate erred in his charge to the jury on the question of the burden of proof of undue influence. (*Matter of Kindberg,* 207 N. Y. 228; *Matter of Dowdle,* 224 App. Div. 450; *Matter of Falabella,* 139 N. Y. Supp. 1003; *Matter of Anna,* 248 N. Y. 421; *Matter of Hone,* 226 App. Div. 715; *Matter of Rundle,* 216 App. Div. 658; *Matter of Fleishman,* 176 App. Div. 785; *Matter of Allaway,* 187 App. Div. 87; *Matter of Smith,* 180 App. Div. 669.)

O'BRIEN, J. A writing which purports to be the will of Catherine Schillenger was propounded by her executor. Among the objections to probate filed by contestants is an allegation that the execution of the will was procured by undue influence. The Surrogate submitted to the jury the single question whether the instrument was the result of the free act of the decedent, and the verdict was

in the negative. The decree denying probate, entered upon that verdict, was reversed solely on the law, and the contestants, with a stipulation for judgment absolute in the event of affirmance, appeal to this court.

The Surrogate refused to charge unequivocally that " the burden of proving undue influence is upon those that assert it," but, on the contrary, he did charge that, if upon the whole case the probabilities were evenly balanced in the mind of the jury, then the verdict must be for contestants, because, in his opinion, the law places the risk of this latter situation on the proponents. The issue before us, therefore, is whether this instruction conforms with the rule as recognized by this court.

Since the enactment of section 18 of chapter 460 of the Laws of 1837, the statute, now known as section 144 of the Surrogate's Court Act as re-enacted by chapter 229 of the Laws of 1929, has been in existence. It provides: " § 144. Probate not allowed, unless surrogate satisfied. 1. Before admitting a will to probate, the surrogate must inquire particularly into all the facts and circumstances, and must be satisfied with the genuineness of the will, and the validity of its execution. 2. If it appears to the surrogate that the will was duly executed; and that the testator, at the time of executing it, was in all respects competent to make a will and not under restraint; it must be admitted to probate as a will valid to pass real property, or personal property, or both, as the surrogate determines, and the petition and citation require, and must be recorded accordingly. The decree admitting it to probate must state whether the probate was or was not contested."

The Surrogate must be satisfied in respect to all the elements enumerated in section 144 of the Surrogate's Court Act. All agree that one offering a paper as a will must show that the instrument is proper in form as to the location and genuineness of decedent's signature, the number of witnesses and their signatures, the circum-

stances under which the paper was executed, decedent's soundness of mind and whatever other factors the statutes require to constitute a valid will. (*Howland* v. *Taylor*, 53 N. Y. 627; *Rollwagen* v. *Rollwagen*, 63 N. Y. 504; *Matter of Martin*, 98 N. Y. 193.) The influence necessary to avoid a will must amount to coercion and duress. (*Smith* v. *Keller*, 205 N. Y. 39, 44.) It is a species of fraud. (*Matter of Smith*, 95 N. Y. 516, 522.) After proponent has completed his proof concerning the factum of the alleged will and contestant has produced some evidence that decedent acted under restraint, which party must thereafter assume the duty of satisfying the Surrogate? Upon whom rests the ultimate burden of producing the preponderance of evidence? The decisions of this court, as construed by its members over a long term of years, point to the contestant. In them may be embodied principles differing from those announced in some jurisdictions and their correctness in point of logic may be debatable, but they appear to be fairly consistent with each other. The subject has received the attention of learned text writers who, discussing both theories, probably in the main approve the New York doctrine. (Gardner on Wills, p. 158; 1 Jarman on Wills [6th ed.], p. 68; 5 Wigmore on Evidence [2d ed.], § 2502; Chase's Stephen's Digest of Law of Evidence [2d ed.], p. 247.)

In *Tyler* v. *Gardiner* (35 N. Y. 559, 593, 596, 597), decided in 1866, the syllabus baldly reads: " The burden of showing that a will was obtained by undue influence is upon the party who makes the allegation." However, reference to one part of the majority opinion might perhaps afford some indication that the rule was not intended to be stated in terms quite so broad. Judge PORTER in the prevailing opinion is thought by some critics to have attached a qualification when he wrote: " It is true that the burden of establishing imposition and undue influence rests, *in the first instance*, upon the party by whom it is alleged. Fraud is never to be presumed from the mere

concurrence of temptation and opportunity, or from the mere fact that the chief actor is also the principal beneficiary. It must be established by affirmative evidence. It is thus established, however, *when facts are proved from which it results as an unavoidable inference.* When such evidence is furnished, the burden of repelling the presumption, to which it leads, is cast upon the party to whom the fraud is imputed " (p. 594). Proponent then is bound to oppose and to resist, he is not obliged to overcome. In another part of his opinion Judge PORTER speaks of the proponent's right and interest to countervail the force of the facts displayed by the contestant. By this language, no heavier duty is cast upon proponent than to restore to equilibrium. Judge PECKHAM in his dissenting opinion states: " It is conceded that the will was executed in legal form — all the proof required by law for that purpose was given. The burden of its impeachment then rested with the contestant. * * * The burden of proving such influence rests upon him who asserts it " (p. 597). From the language of both judges the rule may be deduced that after the contestant has sustained the burden which the law imposes upon him and has proved facts necessarily leading to an inference of undue influence, probate must be denied, unless the proponent by new evidence meets such proof or, in the language of Judge PORTER, countervails it. Such a rule may be held to operate in no essential manner dissimilar from any rule where the burden of showing fraud is placed upon the party asserting it. The difference among the judges grew out of the facts rather than out of questions of law. The majority believed that the contestant had borne his burden and established his case by the weightiest evidence and that such evidence remained entirely unexplained by proponent. The minority reached the conclusion that there was nothing, rising to the dignity of evidence, which showed undue influence. Within ten years after the decision in *Tyler* v. *Gardiner* this court, through Judge

EARL, expressed the view that ordinarily, when an instrument offered for probate is executed in the mode prescribed by law, evidence of such execution is sufficient proof not only of the *factum* but also of the testator's understanding, volition and intent. (*Rollwagen* v. *Rollwagen*, 63 N. Y. 504, 517.) In *Cudney* v. *Cudney* (68 N. Y. 148, 152) Judge RAPALLO used language which may reasonably be inferred to mean that, according to his conception, the obligation rests upon the contestant to prove that the instrument was not really the will of the testator rather than that the duty is with the proponent to show absence of coercion or duress. Certainly that is the interpretation which Chief Judge CULLEN and all his associates in *Matter of Kindberg* (207 N. Y. 220, 228, 229) placed upon the expression in the *Cudney* opinion. In *Matter of Smith* (95 N. Y. 516, 522) these are the opening lines of Judge ANDREWS' opinion: " Undue influence, which is a species of fraud, when relied upon to annul a transaction *inter partes*, or a testamentary disposition, must be proved, and cannot be presumed." The same learned judge, a year thereafter, concurred with an unanimous court in Judge DANFORTH's opinion in *Matter of Martin* (98 N. Y. 193, 196, 197) wherein the statement is made that a will proved by proponent to have been executed by one having testamentary capacity and having knowledge of its contents and also executed in the form prescribed by statute " can be avoided only by influence amounting to force or coercion, and proof that it was obtained by this coercion. The burden of proving it is on the party who makes the allegation. These principles are well settled (*Tyler* v. *Gardiner*, 35 N. Y. 559; *Cudney* v. *Cudney*, 68 id. 148)." In *Matter of Kindberg* (*supra*) Chief Judge CULLEN, in commenting upon an expression in the body of the opinion in *Matter of Smith* (*supra*), said with the concurrence of all his associates: " This is a very different proposition from the statement that the burden of proof was on the proponent. Undue

influence is an affirmative assault on the validity of a will, and the burden of proof does not shift, but remains on the party who asserts its existence (*Tyler* v. *Gardiner*, 35 N. Y. 559; *Cudney* v. *Cudney*, 68 id. 148; *Matter of Martin*, 98 id. 193, 196)." Because this statement by the chief judge was not necessary to the actual decision in the *Kindberg* case, it has been at times subjected to criticism and the thought has been uttered that it failed to recite the rule as previously announced by this court. (*Matter of Hermann*, 87 Misc. Rep. 476, 480, 502, 503.) However, within the past three years we have reiterated our interpretation of the earlier cases and have restated and again adopted the rule as expressed *obiter* in the *Kindberg* case. In *Matter of Anna* (248 N. Y. 421, 427) Judge POUND, without dissent from any member of the court as now constituted, stated the doctrine with precision and concentrated the whole theory in these few words: " The burden of proof upon the question of undue influence rested on the contestants. They, however, offered sufficient evidence which, if unexplained, made permissible an inference in their favor. (*Matter of Smith*, 95 N. Y. 516; *Smith* v. *Keller*, 205 N. Y. 39; *Matter of Kindberg*, 207 N. Y. 220, 228.) " This language states nothing more or less than the principle expressed in the following excerpt from the prevailing opinion in *Tyler* v. *Gardiner:* " When we find the party, whose right and interest it was to countervail the force of the facts by evidence, content to leave them unrebutted and unexplained, and to abide by the conclusions to which they so clearly tend, we have nothing to do but to draw the inevitable inference, and, applying the settled rules of law, to sustain the rejection of the will " (p. 574).

Under the rule as stated through these many years and in the *Anna* case so recently again asserted, proponent need not overcome contestant's evidence. If he neutralize it, he proceeds as far as the law requires. If he acts with equal force, if he supplies an equivalent

weight, he compensates the evidence against him and leaves the scales in equipoise. For him counterweight is enough; for contestant overweight is required. Like the procedure in any kind of trial where a party asserting an affirmative defense must bear the burden of proving his allegations, such a party is entitled to a verdict or a decision when his undisputed evidence warrants an inference that his allegation is correct. If a proponent be content to remain passive and to refrain from explaining the legitimate inference flowing from his adversary's evidence, his case must necessarily go against him. He cannot be allowed to ignore the evidence advanced by the one whose affirmative duty it is to bear the burden and produce the proof. The contestant's evidence must preponderate and his burden does not shift. *Prima facie* proof by proponent, based upon evidence which has not been overborne by contestant, may be deemed sufficient under section 144 of the Surrogate's Court Act to satisfy the Surrogate and make appear to him the fact that decedent was not under restraint. This is the rule which this court has proclaimed and enforced. At this late day, we ought not to change it.

The order should be affirmed and judgment absolute ordered against the appellants on the stipulation, with costs in all courts. (See 258 N. Y. 632.)

POUND, CRANE and KELLOGG, JJ., concur with O'BRIEN, J.; CARDOZO, Ch. J., LEHMAN and HUBBS, JJ., concur in the result on the authority of *Matter of Kindberg* (207 N. Y. 220).

Ordered affirmed, etc.