In the Matter of the Estate of MARGARET SWIM, Deceased.

Surrogate's Court, Orange County, July 6, 1932.

*Kopald & Haft* [*William J. Haft* of counsel], for the motion.

*Henry Kohl*, opposed.

TAYLOR, S.  " One offering a paper as a will must show that the instrument is proper in form as to the location and genuineness of decedent's signature, the number of witnesses and their signatures, the circumstances under which the paper was executed, decedent's soundness of mind and whatever other factors the statutes require to constitute a valid will."  (*Matter of Schillinger*, 258 N. Y. 186, 188, 189.)

It is also familiar law that one is not entitled to a bill of particulars of those items of proof which are part of his affirmative case. (*Matter of Mullin*, 143 Misc. 256; *Matter of Carraher*, 142 id. 675.)

For these reasons the motion will be denied with respect to those items (5, 6 and 7) requesting particulars with respect to the execution of the will, its validity and testamentary capacity.

The Surrogate's Court Act, section 49, provides that " all petitions, answers and objections shall contain a plain and concise *statement of the facts* constituting the claim, objection or defense,  *  *  *."

Running through practically all the cases dealing with the subject of undue influence is the statement that such defense is in the nature of fraud and is a direct assault upon the will.  (*Matter of Schillinger*, 258 N. Y. 186, 189; *Matter of Smith*, 95 id. 516, 522.)

In this court the petition for the probate of a will may be said to be in the nature of a complaint; the objections by the contestants in the nature of an answer.  (7 Wait Pr. 42; *Matter of Walsh*, 107 Misc. 475, 476.)

The court in *Knowles* v. *City of New York* (176 N. Y. 430, 437)

said: " While it is alleged that this action was had fraudulently there is no allegation of fact to support the charge, except the statement that it was made with the purpose and intent of limiting the class of bidders. ' The mere general allegations of fraud or conspiracy are of no value as stating a cause of action.' (*Wood* v. *Armory*, 105 N. Y. 278; *Van Weel* v. *Winston*, 115 U. S. 228; *Cohn* v. *Goldman*, 76 N. Y. 284; *Knapp* v. *City of Brooklyn*, 97 id. 520.) The plaintiff must state what the facts or intent were so that the court may see whether they were fraudulent or not, and his characterization of them as such is not sufficient."

These rules of pleading require that the motion so far as it asks for particulars of the allegations of undue influence (paragraphs numbered 1 to 4, inclusive) be granted.

If the contestant lacks present knowledge of some part of the particulars demanded, that fact may be stated.