## In the Matter of the Estate of IDA CARHART, Deceased.

Surrogate's Court, Nassau County, June 24, 1938.

*Payne & Littlejohn,* for the proponents.

*James W. Andrews* and *Paul J. Leach,* for the contestants.

HOWELL, S. This is a motion by proponents in a contested probate proceeding to preclude the contestants from giving evidence upon certain specifications in their bill of particulars served pursuant to an order of this court, made upon the motion of the proponents, directed to the objections filed by the contestants in so far as they charge that execution of the alleged will was procured by undue influence, fraud and duress.

The order directing the bill of particulars to be served, following the practice of this court which has been the same as that of the Kings County Surrogate's Court as set forth in *Matter of Mullin* (143 Misc. 256), required the contestants, upon the issue of duress, to state whether physical and/or mental violence or threats were practiced upon the decedent, the name or names of the person or persons practicing the same, the time or times and the place or places when and where the same were practiced and the specific

act or acts of physical and/or mental violence, force or threats so practiced; and with respect to the issue of fraud, deceit and undue influence, to specify the name or names of the person or persons perpetrating the same and the time or times when and the place or places where they were perpetrated and the specific act or acts or course of conduct constituting the alleged fraud, deceit and undue influence.

In the bill of particulars served pursuant to the order, the contestants stated:

(1) That physical and mental violence and threats were practiced upon the decedent by Nelson Bedell and Mary J. Bedell at the latter's residence from December 26, 1936, to the time of decedent's death, and set forth in five paragraphs, as the acts of physical and mental violence complained of, a general course of conduct during that period practiced by Nelson Bedell and Mary J. Bedell upon the decedent. Although specific acts at specific times are not set forth, there is set forth a course of conduct during the period stated alleged to have been practiced by the named persons at their residence upon the decedent and, in that respect, sufficiently complies with the order. However, the bill then further asserts that violence and threats were also practiced upon the decedent by other persons unknown to the contestants at other places unknown to the contestants and that the said Nelson Bedell and Mary J. Bedell also perpetrated numerous other acts of physical and mental violence, the nature of which was unknown to the contestants. The motion to preclude is directed to this latter statement in the bill of particulars.

(2) With respect to the issue of fraud, deceit and undue influence, the bill of particulars likewise states that Nelson Bedell and Mary J. Bedell procured the execution of the will by certain acts of fraud, deceit and undue influence perpetrated by them at their residence from December 26, 1936, to the time of decedent's death, and then set forth, not specific acts at specific times, but a general course of conduct during the period stated. This sufficiently meets the order for the bill of particulars. However, in this respect, also, the contestants in their bill of particulars then further stated that the said Nelson Bedell and Mary J. Bedell practiced numerous other acts of fraud, deceit and misrepresentation, the nature of which was not known to the contestants, and at other places unknown to the contestants. The motion to preclude is likewise directed to this latter statement in the bill of particulars.

The argument of the contestants in opposing the motion to preclude is, in effect, an argument against the granting of the original order for the bill of particulars. It is advisable, therefore, perhaps,

to restate the grounds upon which the original order was made. This court is cognizant of the fact that, in some respects, there has been a difference of opinion between the surrogates of New York county and the surrogates of Kings and Nassau counties with respect to the particulars which will be required to be furnished by a contestant charging fraud and undue influence.

The rule in the Surrogate's Court in New York county goes back to the case of *Matter of Ross* (115 Misc. 41), but has been more recently restated and applied by Surrogate DELEHANTY in *Matter of Martin* (151 Misc. 93), and by Surrogate FOLEY in *Matter of Meyers* (158 id. 942). In the *Martin* case (*supra*) the contestants were required to state the names and addresses of each and every person charged with fraud and undue influence, the time or times when and the place or places where the alleged acts took place, whether or not any acts of physical violence or threats accompanied the same and, in general terms, the acts, course of conduct, false statements, suppressions of fact and misrepresentations alleged to have been used. In so far as a statement of specific acts was required to be made, the motion was denied, Surrogate DELEHANTY being unwilling to extend the relief granted to the degree indicated by Surrogate WINGATE of Kings county in *Matter of Mullin* (143 Misc. 256). So, too, in *Matter of Meyers* (*supra*) the contestants were required to furnish the same particulars as to names, times and places and, in general terms, the acts, course of conduct, false statements, suppressions of fact and misrepresentations alleged to have been used both in the practice of fraud and in that of undue influence, which particulars were required to be stated separately as to each of the persons charged with fraud and undue influence. The surrogates of New York county have more recently followed the rule thus recognized by them in *Matter of Frank* (N. Y. L. J., Jan. 4, 1938, p. 33), and *Matter of Gordon* (Id., Jan. 5, 1938, p. 53), in which they have followed the former decisions in the *Martin* and *Meyers* cases (*supra*), approval of which was indicated by the First Department of the Appellate Division in *Matter of Lippmann* (242 App. Div. 628).

In the *Mullin* case (*supra*), Surrogate WINGATE of Kings county proceeded upon the theory that objections to the probate of a will upon the ground that execution thereof was procured by fraud and undue influence constituted an affirmative assault on the validity of the will and, therefore, did not differ materially from an action to set aside an instrument upon the ground that its execution had been procured by fraud and undue influence, so that, in the former case, the pleadings should conform to those which would be required of the plaintiff in the latter case. After a thorough consideration

of the authorities dealing with the sufficiency of a complaint in an action to set aside an instrument upon the ground that it was procured by fraud, the learned surrogate reached the thoroughly justified conclusion that a complaint merely alleging that the instrument or its execution was procured by fraud and undue influence stated merely conclusions of law and would be insufficient. The same would, therefore, necessarily be true of objections to the probate of a will upon the same grounds. Faced with such objections, the proponent might move to strike them out or might, as was the better practice, move for their amplification by a bill of particulars. In that case, the motion for a bill was granted and the facts required to be stated were as follows:

" The facts respecting the alleged undue influence concerning which the proponent is entitled to be informed are the specific act or acts or course of conduct alleged to have constituted and effected such undue influence; the person or persons charged therewith and the time or times and place or places where it is alleged to have taken place.

" The facts which the objector must furnish in connection with his allegations of fraud are the particular false statements, suppressions of fact, misrepresentations, or other fraudulent acts alleged to have been practiced upon the decedent, the place or places where these events are claimed to have occurred and the persons who perpetrated them; also whether such actions were accompanied by any acts of physical violence or mistreatment of the decedent or threats, and if so, the nature thereof."

It will be noticed that the contestants were there required to state not only acts generally but either specific act or acts or course of conduct alleged to have constituted the fraud and the undue influence. Thus, in respect to specific acts only, the surrogate of Kings county has gone further than the surrogates of New York county.

The practice in this court has been in accord with that of the Kings County Surrogate's Court and both before and after the decision of that court in the *Mullin* case, it has been the practice of this court to order bills of particulars in the form of the order involved in the instant case. The *Mullin* case has been cited with approval by the Appellate Division of this Department in *Matter of Wetterau* (245 App. Div. 822), and has been more recently applied by the surrogate of Kings county in *Matter of Adler* (N. Y. L. J., Oct. 19, 1937, p. 1230), and in *Matter of Penny* (Id., Dec. 15, 1937, p. 2191).

The bill furnished in the instant case, as has been pointed out, does not state specific acts but, rather, states, generally, a series of acts or course of conduct which it is alleged constituted the fraud

and deceit and undue influence and would, therefore, seem to meet the requirements not only of this court and the Surrogate's Court of Kings county, but, also, those of the Surrogate's Court of New York county. In any event, as has been said, the settled practice of this court is in accord with that indicated in the *Mullin* case which the Appellate Division of this Department has approved.

It must necessarily follow, therefore, that an order directing the contestants to furnish a bill of particulars would be valueless if, in addition to furnishing the particulars required by the order, they were permitted to allege further the practice of acts, the nature of which are unknown to them, by persons unknown to them and at places and times unknown to them. Obviously, such a bill of particulars is not a particularization at all and, indeed, would constitute conclusions of law only insufficient to sustain a pleading. It is not a ground for denial of a motion for a bill of particulars that the moving party may, peculiarly, have knowledge of the facts. The underlying theory of a bill is to particularize the issues so as to apprize one's opponent of the proof he will have to meet so that the same may be met intelligently and surprise be avoided. Thus the object sought by a bill is not the facts as they may actually exist but as they are claimed to exist by the party from whom the bill is sought since what his opponent will be obliged to meet on the trial is the claim of his adversary. (*Matter of Herle*, 157 Misc. 352.)

Therefore, the matters in the bill of particulars with respect to which the motion to preclude is directed are not set forth pursuant to the order and, indeed, do not particularize to any substantial degree or in such a manner as to particularize the issues in advance of the trial. The contestants complain that although, at present, they are ignorant of certain practices which they allege may have taken place, they may, nevertheless, later discover those practices and should not be precluded from offering proof thereof at the trial. A motion to amend a bill of particulars may be made at any time when and if such discovery occurs and will, of course, receive the consideration of the court. For the present, however, with respect to the matters toward which it is directed, the motion to preclude must be granted.