## (July 12, 1938.)

In the Matter of the Petition of JULIA TAYLOR to Prove the Last Will and Testament of WALTER ZAIAC, Late of the County of Kings, Deceased. SYLVESTER GRUSZKA, Consul General of the Republic of Poland, as Attorney in Fact for HIPOLITE ZAJACZKOWSKI, ANIELA LAPINSKA, IZYDOR ZAJAC, FRANCISZEK ZAJAC and PIOTR ZAJAC, Next of Kin of WALTER ZAIAC, Deceased, Appellants; JULIA TAYLOR, Temporary Administratrix, etc., of WALTER ZAIAC, Deceased, and OSWALD M. MURPHY, as Special Guardian for FRANCISZEK ZAJAC and PIOTR

ZAJAC, Infants, etc., Respondents.— On the court's own motion, the decision of this court, handed down July 1, 1938 (*ante*, p. 709), is hereby amended to read as follows: Proceeding instituted in the Surrogate's Court of Kings county by petitioner, here respondent, for the probate of the alleged last will and testament of the deceased. In her first petition the petitioner sought admission to probate of an unattested letter written to her by the decedent, then a soldier in actual military service. In a supplemental petition and, still later, in an amended supplemental petition filed, she sought the admission to probate of an alleged nuncupative will of the decedent. Objections were filed by the Consul General of the Republic of Poland, as attorney in fact for certain next of kin of the decedent, here sole appellants, and by the special guardian of certain infant next of kin, here respondents. After a trial of the issues thus joined, a decree was entered (1) admitting to probate as the last will and testament of the deceased, valid to pass personal property, the unattested letter written by him to the petitioner, dated September 20, 1917; (2) revoking letters of administration theretofore issued to the petitioner and another, as administrators of the goods, chattels and credits of the deceased, and directing the issuance to the petitioner of letters testamentary according to the tenor of the will, upon her filing a bond in the sum of $20,000; and (3) awarding sums of money to the special guardian for his services as such and to the stenographer for minutes furnished to the surrogate pursuant to sections 27 and 30 of the Surrogate's Court Act. From that decree the objectants Consul General and the next of kin, for whom he is attorney in fact, appeal. Decree modified (a) by striking therefrom the provision which directs the admission to probate of the unattested letter of September 20, 1917, from the decedent to the petitioner, Julia Taylor, as the last will and testament of deceased valid to pass personal property, and by inserting in lieu thereof a provision denying probate to that letter and also denying probate to his alleged nuncupative will pleaded in the amended supplemental petition; and (b) by striking therefrom the provision which revokes the letters of administration and directs the issuance of letters testamentary to the petitioner, as stated; and as thus modified the decree is affirmed, with costs to the appellants, payable out of the estate. The admission to probate of the unattested letter as a holographic will, valid and effectual to pass personal property, was error, even though the decedent on the date thereof was in actual military service; for (a) the amended supplemental petition sought the admission to probate only of an alleged nuncupative will (Surr. Ct. Act, §§ 49 and 51; *Matter of Swim*, 144 Misc. 206; *Matter of Kilborn*, 232 App. Div. 580, 582; *Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220); and (b) such unattested holographic document, even when made by such a soldier, is invalid as a testamentary disposition. (*Matter of Mallery*, 247 N. Y. 580, affg., without opinion, 220 App. Div. 794, which affirms, without opinion, 127 Misc. 784, 787; *Matter of Stein*, 119 id. 9; Dec. Est. Law, § 21; Surr. Ct. Act, § 141.) As to the respondents' suggestion that, in view of our plenary power (Surr. Ct. Act, § 309), we should admit to probate the pleaded nuncupative will, we decide that this course may not be taken. The declarations of the decedent, to which the proponent's witnesses testified, were wholly insufficient, as matter of law, to warrant a finding of decedent's claimed testamentary intent and disposition. Lazansky, P. J., Carswell, Davis and Taylor, JJ., concur; Hagarty, J., dissents, with the following memorandum: I dissent and vote to modify the decree by admitting to probate the nuncupative will. The testimony of the

witnesses, one that the decedent said to him " that he had a sister that he wished to look after in case anything would happen, and also receive anything that he had," and the other that " if happened something to him and get killed, his sister gets his property," supplemented by the letter in which the decedent wrote to his sister, " This is my Will in which I bequeath to you all," standing alone, is sufficient. (*Matter of Stein,* 119 Misc. 9; *Matter of Mallery,* 127 id. 784; affd., 220 App. Div. 794; affd., 247 N. Y. 580.) The identity of the sister is not questioned. The opinion of the witnesses as to what the decedent had in mind when he made the declaration is immaterial and should not destroy the testamentary disposition. [162 Misc. 642.]