In the Matter of the Estate of JOHN W. CARPENTER, Deceased.

Surrogate's Court, Orange County, June 7, 1939.

*Samuel M.* and *Charles Van I. Cuddeback* [*Russell Wiggins* and *Samuel M. Cuddeback, Jr.*, of counsel], for the proponents.

*Elwood C. Smith*, for the objectant.

TAYLOR, S. A serious question has arisen with respect to the right to open and close to the jury in this will contest. Both sides claim it. The question is important because the cases hold that this right is a substantial one and the denial of it may be harmful error. (*Lake Ontario Nat. Bank* v. *Judson*, 122 N. Y. 278; *Conselyea* v. *Swift*, 103 id. 604.)

This case differs from the usual run of will contests in that the only objection interposed is that of fraud and undue influence.

There can be no question that if lack of testamentary capacity were alleged, or failure to meet the statutory requirements of execution, the burden of proof would be on the proponent who would have the right to open and close, for a valid will must first be presented before it can be attacked. (*Delafield* v. *Parish*, 25 N. Y. 9; *Rollwagen* v. *Rollwagen*, 63 id. 504; *Matter of Stephani*, 159 Misc. 43; *Matter of Strong*, 179 App. Div. 539.)

There was some confusion in the older cases upon the question of burden of proof of undue influence (and this must be kept in mind in studying some of the older cases), but it is now settled that the burden of proof on this question is on the objectant. (*Matter of Schillinger*, 258 N. Y. 186; *Matter of Anna*, 248 id. 421; *Matter of Rundles*, 216 App. Div. 658; Jessup-Redfield, Law and Practice in Surrogates' Courts [3d ed.], § 420.)

Further discussion may be premised with the principle that ordinarily the party having the affirmative of an issue has the right to open and close. (*Lake Ontario Nat. Bank* v. *Judson*, 122 N. Y. 278; Richardson's Law of Evidence [5th ed.], § 180.)

It may also be said that once the burden of proof is determined it does not shift. (*Matter of Schillinger*, 258 N. Y. 186; *Matter of Rundles*, 216 App. Div. 658.)

It is argued that freedom from " restraint " means absence of undue influence, and that under the statute (Surr. Ct. Act, § 144) the proponent must go forward on this issue, while at the same time it is admitted that the burden of proving undue influence is on the objectant. It seems somewhat inconsistent to say that the burden is first on the proponent and after the making of a *prima facie* case, then the burden is on the objectant. This is contrary to the rule that the burden of proof never shifts. True, the statute does require the surrogate to be satisfied that the testator " was * * * not under restraint," but the rule has become so firmly fixed by judicial decision that the burden of proof of

undue influence is on the objectant, a court of original jurisdiction should not otherwise decide. This point was noticed in *Matter of Schillinger* (231 App. Div. 679, 680; affd., 258 N. Y. 186), wherein the court said: " There can be no doubt that the meaning of the word ' *restraint* ' includes and covers the term ' undue influence ' * * *, or that the requirement that it must appear to the Surrogate that the testator was not under restraint at the time he made his will before the will can be admitted to probate affords some basis to the theory that there is a burden resting upon the proponent of a will to prove absence of restraint, which, as we have seen, embraces undue influence. But the courts have not taken this view, although the section in its present form has been the law of the State since 1837 (Laws of 1837, chap. 460, § 18, amdg. 2 R. S. 58, § 14). On the contrary, we find that upon the question of ' restraint ' the burden is upon the contestants * * *, and that undue influence is an affirmative assault on the validity of a will, in which the burden of proof is and remains upon the party who asserts its existence."

It is a cardinal rule that the burden of proof is determined from an examination of the pleadings and this principle is so well fixed that it cannot be changed even by an admission upon the trial of all the material allegations of the complaint or petition which the plaintiff or petitioner would be required in the first instance to prove. (*Lake Ontario Nat. Bank* v. *Judson*, 122 N. Y. 278; Richardson's Law of Evidence [5th ed.], § 180.)

The rule last stated distinguishes *Matter of Burnham* (201 App. Div. 621; affd., 234 N. Y. 475) from the case under consideration, in that in the latter case lack of testamentary capacity and want of due execution were among the objections, upon the issues raised by the pleadings — which would be the petition and the objections or answer — upon which the proponent had the burden of proof.

A defendant or an objectant may by appropriate admissions — either expressly or by failure to deny — and the setting up of affirmative defenses place himself in position of having the sole burden of proof with the consequent right to open and close. (*Cilley* v. *Preferred Accident Ins. Co.*, 109 App. Div. 394–398; affd., 187 N. Y. 517.)

It is claimed by the proponents that a will is never admitted to probate by default, and, further, is never admitted to probate even upon consent of all interested parties, if the surrogate by his examination of the witnesses is not satisfied of testamentary capacity and due execution (*Matter of King*, 130 Misc. 907), and that, therefore, the burden of proof of these primary requirements always remains with the proponent, from which is deduced the

argument that the proponent always has the right to open and close in jury will contests. This premise is undoubtedly correct, but it arises not from the state of the pleadings, but from statutory requirements based upon public policy. (*Matter of Roe*, 82 Misc. 565, 570.) It is the statute and not the pleadings which requires the surrogate to be satisfied of these requisites of a valid will. (Surr. Ct. Act, § 144.)

It is to be borne in mind that the probate of a will is a proceeding *in rem* (*Matter of Cronin*, 143 Misc. 559; affd., 237 App. Div. 856; Jessup-Redfield Law and Practice in Surrogates' Courts [3d ed.], § 151), and, therefore, the presentation of a will contest to a jury must necessarily be upon framed issues. In this particular case it would be wasteful and unavailing procedure to draw a jury panel, select therefrom twelve jurors to hear the evidence and consume time, perhaps days, in presenting proof of fraud and undue influence in a case wherein that was the only issue raised by the pleadings, had the surrogate not previously been satisfied of testamentary capacity and due execution. The determination of testamentary capacity and due execution in this case are statutory issues to be passed upon by the surrogate before presenting any portion of the case to the jury.

Let us suppose that this case were sent to the Supreme Court for trial. The pleadings which would be presented to the presiding justice would be the petition, the objections and the order framing the issue and it can hardly be questioned that the only issue sent to the Supreme Court would be that of undue influence, for the matters of testamentary capacity and due execution are peculiarly questions for the surrogate. If the Supreme Court were to try the question of undue influence as the only issue, would not the objectant, upon whom the burden of proof on that issue rests, have the right to open and close? No sound reason appears for changing the rule were the trial retained in Surrogate's Court.

Although the facts are somewhat different, yet there was practically the same situation in *Matter of Hopkins* (97 App. Div. 126). There the Surrogate's Court admitted the will to probate, the decree was affirmed in the Appellate Division, but the Court of Appeals remitted the proceedings for trial before a Supreme Court jury to determine whether the testator had revoked the will. Here, the surrogate has indicated that he is " satisfied with the genuineness of the will and the validity of its execution " (Surr. Ct. Act, § 144) by the mere signing the orders for a jury trial and framing the issues, so that the only jury question is that of undue influence. In the *Hopkins* case the only jury question there was that of revocation, and since the objectant had the burden of proof upon that question he likewise had the right to open and close.

To explore the subject further it might be noted that if the right to open and close was with the proponents, then the proponents would first introduce their proof which would be of testamentary capacity and proper statutory execution. How needless would be the presentation of this proof to the jury when the sole issue to be left with that body would be undue influence.

In this case with the sole issue raised by the pleadings being undue influence, testamentary capacity, genuineness of the will and validity of execution are in the nature of preliminary questions which should be, like questions of status, determined by the surrogate before submission of the controverted issues to the jury. (See *Matter of Hamilton*, 76 Hun, 200; *Matter of Gould*, 9 N. Y. Supp. 603; 56 Hun, 643, memorandum only; affd., 131 N. Y. 630; *Matter of Rotstein*, 162 Misc. 37; *Matter of Friend*, 164 id. 373; affd., 253 App. Div. 801; *Matter of Grube*, 169 Misc. 170.)

The sole issue to be presented to the jury being that of undue influence, it is determined that the objectant having the burden of proof has also the right to open and close.