In the Matter of the Probate of the Will of OLGA S. NODING, Deceased. CLEO M. BUNKER, Appellant; WALTER A. DONNELLY, Special Guardian for SVERRE SVENKESON, an Incompetent, Respondent.

COHN, J. (dissenting in part on first appeal): In a will contest the burden of proving testamentary capacity is upon the proponent (*Rollwagen* v. *Rollwagen*, 63 N. Y. 504, 517). Substantial credible testimony was adduced by proponent which showed that decedent had testamentary capacity when she executed the propounded instrument. But contestant proved by documentary evidence that decedent had been confined to mental institutions on occasions during her lifetime, which, together with other testimony, indicated that she may not have been of sound and disposing mind at the time she executed the instrument. As different inferences could reasonably be drawn from the conflicting evidence, the issue as to testamentary capacity was one of fact which was properly left to the determination of the jury. (*Hagan* v. *Sone*, 174 N. Y. 317, 323.)

It is my view, however, that the court should not have submitted to the jury the question as to whether the execution of the propounded paper was induced by undue influence and fraud allegedly practiced by representatives of the church organization named as her beneficiary. The burden of proof upon a claim of undue influence and fraud rests upon the contestant (*Matter of Anna*, 248 N. Y. 421, 427). The charge must be established by satisfactory affirmative evidence and may not be assumed to exist (*Matter of Schillinger*, 258 N. Y. 186, 190, 192). The record here does not show that the individuals named practiced fraud or exerted improper influence over decedent. Prior to the execution of the questioned instrument she was a zealous and devoted adherent of the church designated as the recipient of her property. All of the ministers in any way connected with the transaction at all times afforded fullest co-operation to the special guardian. In giving testimony each was frank and concealed nothing. None of them was to benefit under the will or to receive any personal profit therefrom.

The disputed paper was not a deathbed will; decedent did not die until over four years after its execution. During that four-year period she was mentally and physically well. There is not even a claim that any of the officials of the church attempted to exercise domination over the decedent at any time after the date of the propounded instrument. She had ample opportunity of executing another will if she had so desired. The evidence in my view was wholly insufficient to support a finding that the paper propounded was obtained through undue influence and fraud and its rejection upon such a ground was not justified.

I think, too, that the denial to appellant of a full bill of costs as submitted to the Surrogate was not warranted. All the items claimed should have been allowed. The probate proceeding was prosecuted in good faith. It was instituted by proponent solely by virtue of the circumstance that at the time of decedent's death in 1946 he happened to be the president of the organization named in the will as beneficiary. Moreover, as previously stated, contestant failed to establish fraud or undue influence by anyone.

The decree should be modified (1) by eliminating therefrom the jury's finding that the will was procured by undue influence, and (2) by allowing to proponent a full bill of costs and disbursements payable out of the estate and, as so modified, the decree should be affirmed, with costs to the parties appearing on this appeal, payable out of the estate.

The order should be modified to the extent of granting the motion to set aside the verdict of the jury as to its finding of undue influence, and otherwise affirmed.

On first appeal: Peck, P. J., Van Voorhis and Shientag, JJ., concur in decision; Cohn, J., dissents in part, in opinion in which Glennon, J., concurs.

On second appeal: Peck, P. J., Van Voorhis and Shientag, JJ., concur in decision; Glennon and Cohn, JJ., dissent and vote to modify the order to the extent of granting the motion to set aside the verdict of the jury as to its finding of undue influence.

On first appeal: Decree modified by allowing proponent a full bill of trial costs payable out of the estate. No opinion.

On second appeal: Order denying proponent's motion to set aside the verdict of the jury and for a new trial affirmed. No opinion. Settle order on notice.