Samuel Fails, S.
In this probate proceeding proponent moves to dismiss as insufficient in law under subdivision 6 of rule 109 of the Buies of Civil Practice objection “ 1 ” relating to the alleged existence of a later will. The objection alleges in substance, that the propounded instrument is not the last will of decedent and. that decedent thereafter executed another paper writing bearing upon it a date unknown, as his last will and testament. There is no allegation that the propounded instrument was revoked in whole or in part by any later instrument. However, the revocation or modification of an earlier will may be inferred from the execution of a subsequent will. It appear *365 ing that such objections allege facts importing the execution of a later will, the motion to dismiss objection numbered “ 1 ” is denied.
Proponent moves to strike out the second objection relating to due execution on the ground that the objection is irrelevant and unnecessary. Objection “2” alleges that there is doubt as to whether the propounded instrument was duly executed in the manner required by law. The motion to dismiss objection numbered “ 2 ” relating to due execution is granted. There is no allegation that the propounded instrument was not duly executed or as to the respects in which there is a claimed failure of due execution. The allegation that there is doubt as to whether an instrument was duly executed, fails to meet the minimum requirement that the pleading allege ultimate facts. The existence of doubt as to the regularity of execution is not the equivalent of alleging facts importing that the propounded instrument was not executed in the manner required by law.
Proponent contends that the objections relating to due execution are superfluous and unnecessary since under section 144 of the Surrogate’s Court Act the instrument could not be admitted to probate in any event unless the Surrogate were satisfied that the instrument was duly executed, and that the objection is unnecessary on the further ground that any such issue could be raised by a general denial. This contention is overruled and dismissed. Section 49 of the Surrogate’s Court Act provides that “ All petitions, answers, and objections shall contain a plain and, concise statement of the facts constituting the # * * objection or defense ”. (Emphasis added.) Moreover, section 147 of the Surrogate’s Court Act relating to probate proceedings expressly provides for the filing of objections to probate and fixes the time within which such objections may be filed. It is unnecessary to determine whether a general denial of any of the essential allegations of a probate petition would be sufficient to raise an issue as the pleading filed contains no general denial. It has not been the practice in Surrogates’ Courts to interpose an answer containing a general denial in order to oppose the probate of a will. On the contrary, the practice of filing objections has been so well established that it is doubtful that an issue of fact could be raised except by objections filed pursuant to the express authority conferred by section 147 of the Surrogate’s Court Act setting forth the essential facts indicating the grounds of such objections as required by section 49 of the Surrogate’s Court Act.
Settle order.
*366 Contestant’s motion for an examination of the subscribing witnesses pursuant to section 141 of the Surrogate’s Court Act is granted. Contestant’s motion to examine proponent as an adverse party before trial under section 288 of the Civil Practice Act as to the existence of, and search for any later will is likewise granted. The examination of the subscribing witnesses to the propounded instrument under section 141 of the Surrogate’s Court Act would not ordinarily extend to facts relating to the existence or nonexistence of any later will.
Settle order.