Samuel Faile, S.
In this probate proceeding proponent moves to strike out certain objections to probate filed by the daughter of decedent. Pursuant to rule 103 of the Buies of Civil Practice, proponent moves to strike out as irrelevant and unnecessary subparagraph 1 of paragraph First of such objections relating to due execution and to strike out as insufficient, in law, pursuant to rule 109 of the Buies of Civil Practice, sub-paragraph 3 of paragraph First of the objections relating to fraud and undue influence.
*813 Subparagraph 1 contains the usual objections with respect to due execution and subparagraph 3 contains the usual objections as to fraud and undue influence. Section 49 of the Surrogate’s Court Act requires that all petitions, answers and objections shall contain a plain and concise statement of the facts constituting the claim, objection or defense, and a demand for the decree, order or other relief to which the party supposes himself to be entitled, and shall be duly verified. Section 147 of the Surrogate’s Court Act relating to probate proceedings expressly provides for the filing of objections to probate and fixes the time within which such objections may be filed. In the Surrogate’s Court the practice in probate proceedings is not to deny the allegations of the petition, but to affirmatively allege the facts constituting the grounds of defense by objections. Although the denial of allegations of a probate petition with respect to execution of the will, with respect to which the burden is upon proponent, might appear to be a sufficient pleading, the practice to the contrary is well established, and the facts indicating lack of due execution as well as any claimed lack of testamentary capacity are invariably set forth affirmatively by way of objections. Any issue raised as to fraud or undue influence, the burden of which rests upon the contestant, likewise is invariably alleged by way of objections in the form of affirmative defenses, and this practice is also well established.
The objectant alleges that the will was not duly executed; that the decedent did not publish the same as his will in the presence of subscribing witnesses whose names were subscribed thereto; that he did not request such witnesses to witness such will and that such witnesses did not sign as witnesses in his presence or in the presence of each other are not conclusions of law but allege a plain and concise statement of the facts constituting the objections. These are the objections usually alleged as to failure of due execution.
As to fraud and undue influence, objectants allege that the propounded instrument and any subscription and publication thereof was obtained by fraud and undue influence practiced by a designated person, named as a legatee, or by some other person or persons acting in concert or privity whose names are unknown. Allegations that the paper offered for probate was procured by fraud and undue influence practiced upon decedent have been held sufficient. (Matter of Hone, 226 App. Div. 715; Matter of Heughes, 144 Misc. 922.) Although it has been stated that the names of the persons claimed to have exerted the undue influence or fraud and the times and places when and where they were accomplished should also be alleged (Matter of *814 Mullin, 143 Misc. 256, affd. 240 App. Div. 996, affd. 265 N. Y. 491), the courts have generally regarded as sufficient allegations of fraud and undue influence in general terms, and permitted the names of the persons claimed to have exerted the fraud or undue influence, or alleging that such persons were unknown, to be furnished by a bill of particulars. In any case, the objections filed herein allege the requisite facts with respect to the person or persons claimed to have exerted the alleged fraud and undue influence. The motion to strike out subparagraphs 1 and 3 of paragraph First of the objections is denied. (Matter of Broch, N. Y. L. J., July 27, 1956, p. 6, col. 7.)
Proponent moves to strike out also paragraphs Second through Sixth of the answer pursuant to rule 103 of the Buies of Civil Practice and subdivision 6 of rule 109 of the Buies of Civil Practice. Paragraph Second of the answer denies so much of the petition as alleges a named person as the wife of decedent, and paragraphs Third through Fifth set forth facts relating to the claimed invalidity of a foreign divorce decree obtained by decedent on the ground that the parties to the action were not residents and citizens of the jurisdiction in which the decree of divorce was obtained.
Paragraph Sixth alleges that decedent was a songwriter who owned and controlled certain copyrights under the laws of the United States and that respondent’s rights in said copyrights will be seriously affected if the court fails to adjudicate that the person to whom decedent was subsequently married is not the widow of decedent. Although each of the two persons to whom decedent was married has been joined as a party respondent, neither has filed any answer or objections to the petition, such answer or objections having been interposed only by persons who are the daughters of decedent by the earlier marriage.
By paragraph Third, subdivision (a) of the propounded instrument, testator directed the payment of any royalties in stated percentages to each of the persons to whom he had been married. Proponent contends that the only matter now before the court is whether the propounded instrument is entitled to probate, and that the question as to which of the persons to whom decedent was married is his lawful widow should not be adjudicated in the probate proceeding and in noway affects the admission or denial to probate of the propounded instrument ; that if the wife by the earlier marriage intends to assert any rights as his widow, such claim must be presented and urged by her rather than by her daughters, and that any such *815 claim may not be asserted until after the will has been admitted to probate.
The motion to strike out paragraphs Second through Sixth of respondent’s answer is granted. Although it is doubtful that either daughter of decedent may collaterally attack the decree of divorce obtained by either parent (Johnson v. Muelberger, 340 U. S. 581, revg. Matter of Johnson, 301 N. Y. 13, remittitur amended 302 N. Y. 844), neither the question as to whether the wife of decedent by the prior or by the subsequent marriage was his lawful widow, nor the invalidity of any divorce decree obtained against the wife of decedent by a former marriage is necessary of determination in this probate proceeding. Neither wife of decedent has filed objections to probate or questioned the status of the other as the widow of decedent. Nor is an adjudication as to whom is the lawful widow of decedent necessary or relevant in this proceeding by reason of any royalties payable under any copyrights controlled by decedent during his lifetime. Under the propounded instrument any royalties received by the executors would be payable in the fixed percentages to the persons to whom decedent had been married. The question as to whether any royalties will pass under or independently of the will is unrelated to the admission or denial of the purported will to probate. This court, therefore, is neither required nor empowered to determine prior to probate the question as to whether or not such royalties are payable to the executors or distributable independently of the will to the respective distributees of decedent.
Settle order.