John D. Bennett, S.
The petitioner moves “ for an order striking from the objections item ‘ 4 ’ and all matters therein alleging undue influence and fraud ’ ’. The notice of motion does not comply with the requirements of section 280 of the Civil Practice Act nor does it state whether the application for relief is sought pursuant to rules 109 or 112 of the Rules of Civil Practice. However, whether considered as a motion brought pursuant to either or both of these rules, the motion must be denied. The objection attacked reads as follows: ‘ ‘ That the said paper offered for probate was not freely or voluntarily executed by the said alwin e. baum, as his Last Will and Testament; that the execution by alwin e. baum: of said paper offered for probate was caused or procured by the undue influence or fraud of mae castinas, Nicholas castinas, two of the subscribing witnesses, or adele schilling, one of the devisees.”
In the determination of a motion for judgment in the pleadings or attacking a pleading for defects appearing on its face, the court is confined to the four corners of the pleadings. The extensive argument of the facts set forth in the memoranda submitted must therefore be disregarded.
The precise question here raised is whether the usual ‘ ‘ boiler plate” objection of fraud and undue influence in a probate proceeding is sufficient as a matter of law. Until recently the answer to the question presented could have been considered to be in doubt. The practice of pleading objections of fraud and undue influence in conclusory form, with reliance upon a bill of particulars to supply the ultimate facts pleaded, has been a practice followed by the Surrogates’ Courts in this State *935 for many years despite the apparent contrary indication contained in section 49 of the Surrogate’s Court Act (see Matter of Mullin, 143 Misc. 256; Blatter of Herlc, 157 Misc. 352; Matter of Britton, 167 Misc. 747; Matter of Carhart, 168 Misc. 280, affd. 258 App. Div. 734; cf. Matter of Hone, 226 App. Div. 715; Matter of Broch, 12 Misc 2d 364; Matter of Heughes, 144 Misc. 922; Matter of Wallach, 47 N. Y. S. 2d 697; Blatter of Anderson, 138 N. Y. S. 2d 157; Blatter of Eggware, 123 Misc. 541).
Whatever doubt there may have been in this department as to the adequacy of the objection pleaded was resolved, however in the recent determination in Matter of Dixon (7 Misc 2d 812, affd. 2 A D 2d 987, motion for leave to appeal to the Court of Appeals denied 3 A D 2d 672). There the Appellate Division, Second Department, affirmed an order which denied a motion attacking the sufficiency of an objection similar to the one here pleaded. There the Surrogate said (Matter of Dixon, 7 Misc 2d 812, 813-814, supra): “As to fraud and undue influence, objectants allege that the propounded instrument and any subscription and publication thereof was obtained by fraud and undue influence practiced by a designated person, named as a legatee, or by some other person or persons acting in concert or privity whose names are unknown. Allegations that the paper offered for probate was procured by fraud and undue influence practiced upon decedent have been held sufficient. (Blatter of Hone, 226 App. Div. 715; Blatter of Heughes, 144 Misc. 922.) Although it has been stated that the names of the persons claimed to have exerted the undue influence or fraud and the times and places when and where they were accomplished should also be alleged (Matter of Mullin, 143 Misc. 256, affd. 240 App. Div. 996, affd. 265 N. Y. 491), the courts have generally regarded as sufficient allegations of fraud and undue influence in general terms, and permitted the names of the persons claimed to have exerted the fraud or undue influence, or alleging that such persons were unknown, to be furnished by a bill of particulars. In any case, the objections filed herein allege the requisite facts with respect to the person or persons claimed to have exerted the alleged fraud and undue influence. The motion to strike out subparagraphs 1 and 3 of paragraph Fibst of the objections is denied. (Matter of Broch, 12 Misc 2d 364.) ”
It would seem that the Dixon case must be considered stare decisis on the question here in issue.
It is also apparently urged that the matters set forth in the objectant’s bill of particulars render the allegation of fraud *936 and undue influence in the objections, insufficient. The bill of particulars should be considered on a motion brought pursuant to rule 112 of the Eules of Civil Practice (Cohen v. Erdle, 282 App. Div. 569). The court there said (p. 570): “The complaint, standing alone, sets forth a good cause of action for services rendered by plaintiff-respondent for and on behalf of the defendants-appellants, at their special instance and request. However, considering the bill of particulars, as we must in motions of this character (All Amer. Sureties Co. v. Foundation Co., 211 App. Div. 684; Davison Coal Co. v. National Park Bank, 201 App. Div. 309; Richardson v. Gregory, 219 App. Div. 211; 4 Carmody-Wait Cyclopedia of N. Y. Practice, § 8, p. 622) we find therein allegations which are contrary to the essential allegations of the complaint, namely, that the services were not rendered at the special instance and request of defendants, but on the contrary were actually performed on behalf of the partnership at a time when plaintiff himself was an active copartner with defendants. With these essential allegations eliminated, the complaint fails to state facts sufficient to constitute a cause of action against these defendants for services rendered.” However the matters pleaded here in the bill of particulars do not lead inescapably to the conclusion that the objection is insufficient as a matter of law. If the petitioner considers the bill of particulars inadequate, his remedy is not by way of the instant motion.
The motion is therefore in all respects denied and the order framing issues submitted by the contestant will be signed.
Settle order on five days’ notice.