Maximilian Moss, S.
Petitioner, named as executor in the propounded instrument, seeks an order striking out an answer *696 filed by decedent’s widow. It appears that the propounded instrument antedates the marriage between decedent and his widow and no provision is made for her in said instrument. The widow’s answer alleges that under the provisions of section 35 and subdivision 4 of section 83 of the Decedent Estate Law, she is entitled to payment of $10,000 plus one half of the residue and denies knowledge or information sufficient to form belief with respect to the validity of the instrument offered for probate or whether it was properly executed.
While the statutory provisions recited in the answer give the widow a right to share in her husband’s estate, the provisions do not deny petitioner the right to the issuance of letters testamentary. The widow’s contention is directed to distribution, not to probate. Her answer pertaining to the manner of distribution must be stricken (Matter of Deichmiller, 69 N. Y. S. 2d 544). A denial of knowledge or information sufficient to form a belief of the allegations of a probate petition pertaining either to the validity of the instrument offered for probate or its execution is insufficient to raise such issues. The practice in a Surrogate’s Court requires that an answer shall contain a plain and concise statement of facts affirmatively stating the objections or defense to the propounded instrument (Surrogate’s Ct. Act, § 49) and no provision is made for a denial as interposed. Nevertheless, the widow will be permitted to file within 10 days after publication of this decision, on payment of filing fees, an amended answer properly raising the issues now attempted to be raised by the allegations of paragraph 1 ‘ V ” of her answer. Upon the filing and service of such answer as indicated the motion in respect of said paragraph “ V ” will be denied, otherwise it will be deemed granted (Matter of Broch, 12 Misc 2d 364; Matter of Dixon, 7 Misc 2d 812, 813, affd. 2 A D 2d 987, motion for leave to appeal denied 3 A D 2d 672; Matter of Campbell, 140 N. Y. S. 2d 863).
Settle order on notice.