Otto C. Jaeger, S.
In this contested probate proceeding, the proponent has moved for an order striking out paragraph 8 of the respondent’s objections because the allegation does not comply with the requirements of CPLR 3016 (subd. [b]). The allegation is the stereotype form for fraud and undue influence and reads as follows: “8. That the said document so offered for probate was not freely and voluntarily executed by anna j. sohneider, the decedent herein as her last Will and Testament, but that the said document was obtained, if in fact it was subscribed or published by the said testatrix, by the fraud and undue influence of one or more of the legatees therein named, or by some other person or persons acting in concert or privity with the said legatees, whose name or names are presently unknown to respondent.”
CPLR 3016 (subd. [b]) provides: “ Fraud or mistake. Where a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail. ’ ’
While this provision was new when adopted as part of the CPLR in 1962, there is no indication that its purpose was to change any existing rule of pleading. On the contrary, the note to the section states that it is based upon a pleading requirement of long standing. Clearly, however, that requirement did not apply to probate proceedings in the Surrogate’s -Court when the long-standing practice, supported by the great weight of authority, was to permit fraud and undue influence to be pleaded in general terms (Matter of Dixon, 7 Misc 2d 812, affd. 2 A D 2d 987, mot. for lv. to app. den. 3 A D 2d 672; Matter of Hone, 226 App. Div. 715; Matter of Baum, 11 Misc 2d 934; Matter of Heughes, 144 Misc. 922; Matter of Anderson, 138 N. Y. S. 2d 157). It would seem, therefore, that the intention of the Legislature was simply to codify an established rule of pleading, recognized by all as inapplicable in probate contests, rather than to effectuate a major change in Surrogate’s Court practice.
All aspects of Surrogate’s Court practice, including the pleading requirements, were the subject of extensive review leading to the adoption of the SCPA in 1966. A conscious effort was made, where appropriate, to conform the pleading provisions of the SCPA to those in the CPLR. Yet, the revisers chose not to include a provision similar to CPLR 3016 (subd. [b]). It is reasonable to assume that this was a deliberate omission and *301 that the revisers considered it unwise to adopt such a requirement as part of Surrogate’s Court practice. It is also reasonable to assume that they would have made some comment with respect to CPLR 3016 (subd. [b]) if they thought it was intended to change the established practice in probate proceedings.
The cases cited above, upholding the sufficiency of objections alleging fraud and undue influence in general terms, were decided at a time when section 49 of the Surrogate’s Court Act required all pleadings to contain “ a plain and concise statement of the facts constituting the claim, objection or defense ”, The basic provision of the SCPA governing the content of pleadings is subdivision 2 of section 302 which provides that statements in a pleading “ shall be sufficiently particular to give the court and parties notice of the claim, objection or defense ”. It is significant that the new statement eliminates the former reference to “facts” and shifts the emphasis to “notice”. This represents a more liberal approach to pleading, designed to avoid many of the technicalities and wasteful motions under former practice. (Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 58B, following SCPA 302, and Book 7B, CPLR 3013 [pocket part].) It would be inconsistent with that approach to require greater specificity now than was required when the above-cited cases were decided.
The court has consulted a number of recognized text and form books published since the adoption of both the CPLR and SCPA. In each, the form of objections to probate alleges fraud and undue influence in general terms as in the past (26 CarmodyWait 2d New York Practice, § 152:82; 1 Harris, Estates Practice Guide [3d ed.], § 226; West’s McKinney’s Forms, ESP, §§ 7:417, 7:418).
The court concludes that the pleading under attack is “ sufficiently particular” to give “notice” of the “objection or defense ” to be litigated. No more is required. The petitioner is not prejudiced by the generality of the objection since the practice calls for no pleading in reply and since he may obtain further information by a demand for a bill of particulars and by means of disclosure proceedings. It is an established principle of modern practice that a motion of this type will not be granted unless the movant can show that he is prejudiced (Foley v. D’Agostino, 21 A D 2d 60).
Motion denied.