In the Matter of the Probate of the Last Will and Testament of CHARLES

JOSEPH LOEHR, Deceased. CONSTANT WEITZ and ALEXANDER WEITZ, Appellants.— The testimony of decedent's neighbors, and in particular his directions to the draftsman of the will, show intelligent comprehension of his acts. There are experts who reach different conclusions based on hypothetical questions. Against evidence of testamentary capacity, the contrary opinions of experts based on a hypothetical statement scarcely raise an issue. (*Pettit* v. *Pettit*, *No. 1*, 149 App. Div. 485, 491.) Again expert conclusions from a statement of the pathological facts must depend on the uniformity of the mental conditions shown. Here Dr. Graeme Hammond, contestants' chief expert, frankly acknowledged that this testator's condition might have lucid intervals when he would have sufficient capacity to make a will. If made when testator is thus competent, such testamentary dispositions will stand, notwithstanding habitual hard drinking. (*Matter of Ruef*, 180 App. Div. 203; affd., 223 N. Y. 582.) Even subsequent commitments for lunacy may follow without thereby avoiding a prior will. (*Matter of Barlow*, 180 App. Div. 860.) The unfriendly relations between these contestants and their nephew, the testator, naturally led him to exclude them from his bounty. The decree of the Surrogate's Court of Richmond county admitting the will to probate is affirmed, with costs of this appeal to the respondent, payable out of the estate. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.