In the Matter of the Probate of the Will of MATILDA E. BURNHAM, Deceased.

EDWARD S. SLATER et al., as Special Guardian of FREDERICK W. BURNHAM, Appellants; HERMAN A. SCHUPP et al., as Executors, Respondents.

**Appeal — when Appellate Division may direct final judgment in absence of motion for direction of verdict upon trial in Surrogate's Court.**

Where the parties to a will contest before a jury have had their day in court, where no reason appears why they should have a new trial, where the question of testamentary capacity should not have been sub-

mitted to the jury and where the verdict against the will should not have been found, a new trial should not be ordered simply because the surrogate was not asked to take the question from the jury, but final judgment directing probate should be rendered by the appellate court. (*Seeman* v. *Levine*, 205 N. Y. 514, distinguished.)

*Matter of Burnham*, 201 App. Div. 621, affirmed.

(Argued January 9, 1923; decided January 16, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 9, 1922, which reversed a decree of the Westchester County Surrogate's Court denying probate of a paper propounded as the last will and testament of Matilda E. Burnham and directed that said instrument be admitted to probate.

*Isaac N. Mills, Henry K. Heyman, Edward S. Slater* and *Frederick P. Close* for appellants. The Appellate Division had no power to direct probate; no motion to direct a verdict was made in the Surrogate's Court. (*Seeman* v. *Levine*, 205 N. Y. 514; *McAleenan* v. *Mass. Bonding & Ins. Co.*, 232 N. Y. 199; *People* v. *Davis*, 231 N. Y. 60; *Brinn* v. *Hindleman*, 199 App. Div. 329.)

*Martin Conboy, Joseph F. Collins, Edwin N. Moore* and *Herman A. Schupp* for respondents. There was no evidence whatever of testamentary incapacity and the Appellate Division properly directed that the will be admitted to probate. (*Matter of Tymeson*, 187 N. Y. Supp. 330; *Buchanan* v. *Belsey*, 65 App. Div. 58, 62; *Tyler* v. *Gardiner*, 35 N. Y. 558; *Matter of Seagrist*, 1 App. Div. 615; *Hawke* v. *Hawke*, 82 Hun, 439; 146 N. Y. 366; *Philips* v. *Philips*, 77 App. Div. 113; 179 N. Y. 585; *Dobie* v. *Armstrong*, 27 App. Div. 520; 160 N. Y. 584.)

POUND, J. We agree with the learned Appellate Division that, for the reasons set forth in the opinion of MANNING, J. (201 App. Div. 621), the contestant adduced no evidence on the trial before the surrogate that c

reasonably to satisfy a jury that testatrix was not of sound and disposing mind and memory when she executed the paper offered for probate. (*Matter of Case*, 214 N. Y. 199, 203.)

The appellant contends that the Appellate Division had no power to grant a final judgment for the reason that the proponent made no motion for the direction of a verdict on the question of testamentary capacity, and thereby conceded that the evidence of incapacity was sufficient to go to the jury. Under the provisions of the Code of Civil Procedure (sec. 1317) and the Civil Practice Act (sec. 584), governing appeals generally, the appellate court may reverse, affirm or modify the judgment or order appealed from but may render final judgment, when a trial has been before a jury, only upon the general or special verdict, or upon a motion to dismiss the complaint or direct a verdict.

The question is whether the omission of proponent's counsel to move for the direction of a verdict precluded the Appellate Division from directing final judgment on the ground that no sufficient evidence of testamentary incapacity was offered on the trial. Such is the rule in jury cases generally. (*Seeman* v. *Levine*, 205 N. Y. 514.) The Surrogate's Court Act, section 309 (Code Civ. Pro. sec. 2763, without change), provides also that " the appellate court may reverse, affirm, or modify the decree or order appealed from," but contains no express reference to trials before a jury.

The procedure on trial by jury in the Surrogate's Court has been assimilated to the procedure on jury trials generally (See *Matter of Eno*, 196 App. Div. 131, 155, where the authorities are collated), but it has never been held by this court that the powers of the Appellate Division to review the decrees of the Surrogate's Court are subject to the same limitations as in an action at law. A supervisory power over the decisions of the Surrogate's Court on the facts has always existed in this state. The

review was in the nature of a rehearing in equity. The appellate court examined the case *de novo*. Jury trials in the Surrogate's Court were first provided for in the year 1914. When the trial is before the surrogate without a jury the question whether there is any evidence to sustain the decree is open for review without any exception. (*Burger* v. *Burger*, 111 N. Y. 523.)

Historically, the power of the Appellate Division to direct final judgment in an action at law tried before a jury rests on the provisions of the Code of Civil Procedure, section 1317, as amended in 1912. (*Middleton* v. *Whitridge*, 213 N. Y. 499, 503; *Peterson* v. *Ocean Electric Ry. Co.*, 214 N. Y. 43.) The power of the Appellate Division to direct judgment *de novo* in probate cases long antedates such amendment. From the nature of things this power is somewhat restricted by the provisions now made for jury trial in which controverted questions of fact actually arise. The disposition of such questions is for a jury. (*Hagan* v. *Sone*, 174 N. Y. 317; *Middleton* v. *Whitridge*, *supra*, 504.) Where the parties to a will contest have had their day in court, where no reason appears why they should have a retrial, where the question of testamentary capacity should not have been submitted to the jury, where the verdict against the will should not have been found, it seems to be a sound principle to be applied in the absence of controlling authority that a new trial should not be ordered simply because the surrogate was not asked to take the question from the jury, but that final judgment directing probate should be rendered by the appellate court.

The order appealed from should be affirmed, with costs payable out of the estate.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order affirmed, etc.