In the Matter of the Will of ADA W. PUTNAM, Deceased. EDITH I. SMITH, Appellant; RICHARD H. MITCHELL, Respondent.

(Argued June 2, 1931; decided July 15, 1931.)

*William R. Conklin, Edward S. Bentley* and *Sperry Butler* for appellant. The Surrogate erred in admitting the testimony of the stenographer as to the preparation of the paper offered for probate. (*Matter of Coleman,* 111 N. Y. 220; *Matter of Cunnion,* 201 N. Y. 123; *Loder* v. *Whelpley,* 111 N. Y. 239; *Taylor* v. *Forster,* 2 Car. & P. 195; *Bowman* v. *Norton,* 5 Car. & P. 177; *King* v.

*Inhabitants of Upper Bodington,* 8 Dow. & Ry. 726.) The Surrogate erred in excluding evidence of certain acts and declarations of the decedent during the six months which elapsed between the date of the execution of her will and the date of her death. (*Smith* v. *Keller,* 205 N. Y. 39; *Matter of Levy,* 198 App. Div. 773; *Marx* v. *McGlynn,* 88 N. Y. 357.)

*George W. Alger* for respondent. The stenographer was a competent witness and her testimony was properly received on the trial. (*Clapp* v. *Fullerton,* 34 N. Y. 190; *Hewlett* v. *Wood,* 55 N. Y. 635; *Matter of Coleman,* 111 N. Y. 220; *Clifford* v. *Denver & Rio Grande Ry. Co.,* 188 N. Y. 349; *Foley* v. *Royal Arcanum,* 151 N. Y. 196; *Matter of Cunnion,* 201 N. Y. 132; *Loder* v. *Whelpley,* 111 N. Y. 239; *Matter of Eno,* 196 App. Div. 139; *Sibley* v. *Waffle,* 16 N. Y. 180; *Brand* v. *Brand,* 39 How. Pr. 193; *Goddard* v. *Gardiner,* 26 Conn. 172; *Landsberger* v. *Gorham,* 5 Cal. 450; *Matter of Austin,* 42 Hun, 516; *Hurlburt* v. *Hurlburt,* 128 N. Y. 420; *LeCour* v. *Importers & Traders Nat. Bank,* 61 App. Div. 163; *Matter of Kindberg,* 207 N. Y. 220; *Broad* v. *Broad,* 1 M. & M. 233; *Foster* v. *Hall,* 12 Pick. 89; *Baumann* v. *Steingester,* 213 N. Y. 328.) The Surrogate did not err in excluding evidence of acts and declarations of the decedent during the period which elapsed after the execution of her will and her death. (*Matter of Powers,* 176 App. Div. 455; *Gick* v. *Stumpf,* 204 N. Y. 413; *Smith* v. *Keller,* 205 N. Y. 39.)

CRANE, J. The will of Ada W. Putnam, dated the 4th day of October, 1928, has been admitted to probate by the Surrogate of New York county, over the objections and contest of Edith I. Smith, a niece of the testatrix. Ada W. Putnam was a widow about seventy years of age whose only living relative was this niece, for whom she had much affection. By the terms of previous wills, executed under such circumstances that undue influence

is not suggested, Mrs. Putnam was consistent in mind and purpose to leave Miss Smith the income of her estate for life. This was the provision in all previous wills as well as the present one. The residuary estate, however, in the previous wills had been left to charity, whereas in this last will and testament it was given to the lawyer who drew the instrument, and in consequence has caused all the trouble. Attorneys for clients who intend to leave them or their families a bequest would do well to have the will drawn by some other lawyer. Any suspicion which may arise of improper influence used under the cover of the confidential relationship may thus be avoided. The law, recognizing the delicacy of the situation, requires the lawyer who drafts himself a bequest to explain the circumstances and to show in the first instance that the gift was freely and willingly made. (*Matter of Smith*, 95 N. Y. 516.) " Such wills, when made to the exclusion of the natural objects of the testator's bounty, are viewed with great suspicion by the law, and some proof should be required beside the factum of the will before the will can be sustained." (*Marx v. McGlynn*, 88 N. Y. 357, 371.) In the absence of any explanation a jury may be justified in drawing the inference of undue influence, although the burden of proving it never shifts from the contestant. (*Matter of Kindberg*, 207 N. Y. 220, p. 228.)

Miss Smith contested this will on the ground of undue influence. The jury, after a clear and concise statement of the law by the Surrogate, found that there was no undue influence, and the will was admitted to probate. There being ample evidence to justify this conclusion, the case comes to this court on certain exceptions taken to the admission and exclusion of evidence, particularly the testimony of Miss Shea, a subscribing witness. She was a clerk in the office of the lawyer who drew the will, and at his request became a subscribing witness thereto. The claim of the appellant is that her testimony related

to confidential communications with the deceased and should have been excluded, the exception in section 354 of the Civil Practice Act applying only to attorneys and not to their clerks. Section 353, prohibiting attorneys from disclosing communications made by a client, extends in so many words to clerks, stenographers and other employees of the attorney. Section 354, however, leaves out the words " clerk, stenographer or other person employed " in permitting an attorney to testify where he has become a subscribing witness to a will. The ruling of the Surrogate that Miss Shea's testimony was competent, and that the clerk shares the privilege as well as the prohibition of the attorney, was correct, and we can add nothing to his able opinion dealing with this point.

There is one ruling which, while not calling for a reversal, may, we fear, be misunderstood, without a word of explanation and limitation. The testatrix, so the evidence shows, had on various occasions previous to the making of this will, expressed a fear and distrust of her attorney. Questions calling for the state of her feelings after the making of the will were excluded upon the authority of *Smith* v. *Keller* (205 N. Y. 39). This testimony was competent if limited to the feeling of the testatrix for her lawyer and expressed by her within a limited or reasonable period after the making of the will. Such statements are not evidence of the facts to which they may relate. They would not be, for instance, evidence of what the lawyer did or said at the time of the making of the will or on any other occasion. Her statements, however, both before and after the making of the will, would be competent to show the state of her mind, her mental capacity, her attitude and feeling toward her lawyer, and her ability to resist his influence. Such was the ruling of this court in *Marx* v. *McGlynn* (88 N. Y. 357), which was not modified by anything subsequently said in *Smith* v. *Keller* (*supra*). EARL, J., writing for the court in the *Marx* case, said: " Such

memoranda or declarations, whether made before or after the execution of a will, are competent as bearing upon the testator's mental capacity. They are also competent as bearing upon the condition of the testator's mind, with reference to the objects of his bounty. They may be given in evidence for the purpose of showing his relations to the people around him, and to the persons named in his will as beneficiaries. They are, however, entitled to no weight in proving external acts, either of fraud or undue influence" (p. 374).

As early as 1854 this court said in *Waterman* v. *Whitney* (11 N. Y. 157, p. 165): " The difference is certainly very obvious between receiving the declarations of a testator, to prove a distinct external fact, such as duress or fraud for instance, and as evidence merely of the mental condition of the testator. In the former case, it is mere hearsay, and liable to all the objections to which the mere declarations of third persons are subject; while in the latter it is the most direct and appropriate species of evidence. Questions of mental competency and of undue influence belong in this respect to the same class: because as is said by Jarman, in his work on Wills, ' The amount of undue influence which will be sufficient to invalidate a will, must of course vary with the strength or weakness of the mind of the testator.' "

The declarations of a testator which are commonly received in proceedings for the probate of wills are expressions that tend to show his mental conditions and feelings, as bearing upon the probability that the instrument in question was the product of a sound mind, unaffected by undue influence — whether it was a mind that was subject to undue influence. (*Brady* v. *Doherty*, 253 Mass. 518.) Declarations of a testator made after the execution of the will were held competent in *Rusling* v. *Rusling* (36 N. J. Eq. 603). (See, also, *Matter of Jackman*, 26 Wis. 104.) Wigmore on Evidence ([2d ed.] vol. 3, § 1738) says that in order to show the state of affection

or dislike to specific persons and his general testamentary attitude toward them a testator's utterances, acts and expressions, whether prior or subsequent to the making of the will, may be considered.

The statements made in the opinion in *Smith* v. *Keller* (*supra*), which the Surrogate thought modified this rule as stated in the *Marx* case, had reference to questions which aimed at proving the *fact* of undue influence instead of the state of the testatrix's mind or her feelings toward her family and relatives. CHASE, J., said: " The declarations of the testatrix subsequent to making the will were improper and incompetent as affirmative statements of facts to prove fraud and collusion " (p. 48). He recognized the general rule by further stating: " So far as such declarations show the mental strength of the testator's mind, they are allowed for that purpose, but when they are so received they should be confined to the purpose for which they are received. * * * They should not be remote and should bear upon their face some evidence of the testator's mental condition " (p. 49). In that case the declarations sought to be elicited were made some six to ten years after the making of the will. This alone would have justified their exclusion, as the rule has always been that the evidence of acts and declarations bearing upon the mental state and attitude of the testator must relate to those happening within a reasonable time after the making of a will.

The rulings of the Surrogate, however, in the exclusion of this testimony do not call for reversal. The attitude of Mrs. Putnam toward her lawyer before the making of the will was fully given; it was not at all favorable according to the contestant's testimony. The evidence showing the continuation of such feeling after the making of the will would not have strengthened her case. The underlying fact is that so far as the contestant herself is concerned, she has received the bounty which the testatrix always had in mind to give her. This, as

heretofore stated, is fully established by the previous wills which had been executed, containing a like provision for her, and to which no suspicion attached.

The order should be affirmed with costs.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.