In the Matter of WILLIAM W. BROWNE, Appellant, against INCORPORATED VILLAGE OF HEMPSTEAD et al., Respondents.— Order dismissing appellant's petition to be restored to a position in the employ of respondent village, unanimously affirmed, without costs. No opinion. Present — Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ. [See *post*, p. 795.]

In the Matter of the Probate of the Will of WILFORD WOOD, Deceased. AMANDA WEBSTER, as Executrix Named in the Will, Appellant; HARRIET W. COKER, Individually and as Administratrix of the Estate of WILFORD WOOD, Deceased, Respondent.— Appeal from a decree of the Surrogate's Court of Orange County. Decree insofar as it denies probate to a script executed by the decedent on December 12, 1941, and propounded by appellant, modified on the law and the facts by striking out the first, second, fifth, and sixth ordering paragraphs and in place thereof inserting a provision (a) granting appellant's motion to set aside the verdict of the jury; and (b) admitting the instrument to probate as the last will and testament of testator. As thus modified, the decree, insofar as appealed from, is unanimously affirmed, with costs to appellant, payable out of the estate, and the matter is remitted to the Surrogate's Court for the entry of a decree accordingly. The undisputed proof in this record required that the script propounded be admitted to probate. Many of the objectant's witnesses by their testimony in whole or part sustained the proponent's case. The incidents to which other witnesses for objectant testified concerned for the most part occurrences in 1940. Assuming that the testator stuttered or had difficulty in speech immediately after the cerebral seizure, which was limited to the portion of the brain that governed speech, it is quite apparent that he improved and was relieved from that difficulty during 1941 and 1942. In any event, even that defect would not be indicative of lack of testamentary capacity. The business transactions he carried on after his illness in 1940 and before his death, together with the frequent dealings he had with lawyers in respect of testaments and contract matters, make imperative a holding that no issue of fact in respect of testamentary capacity was raised by the proof adduced by the objectant. (*Matter of Burnham*, 234 N. Y. 475; *Matter of Heaton*, 224 N. Y. 22; *Matter of Burke*, 276 N. Y. 497; *Matter of Hermanowski*, 279 N. Y. 727; *Matter of Fahrenbach*, 285 N. Y. 763.) Present — Close, P. J., Hagarty, Carswell, Johnston and Aldrich, JJ. [See *post*, p. 781.]

LOUIS MARMOREK, Doing Business under the Name of GLOLITE COMPANY, Appellant, v. PROGRESS MANUFACTURING COMPANY, INC., Respondent.— Action to recover damages for the alleged breach of a written contract for the sale of goods. Judgment in favor of defendant, entered on the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHRISTOPHER FURNARI, Appellant.— Judgment of the County Court of Kings County convicting defendant of the crimes of sodomy, assault in the second degree and attempted rape in the first degree, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN TELLINI, Appellant.— Judgment of the County Court of Kings County convicting defendant of the crimes of sodomy, assault in the second degree and attempted