In the Matter of the Probate of the Will of WILFORD WOOD, Deceased. AMANDA WEBSTER, as Executrix of WILFORD WOOD, Deceased, Appellant; HARRIET W. COKER, Individually and as Administratrix of the Estate of WILFORD WOOD, Deceased, Respondent.— On the court's own motion, the decision of this court handed down June 5, 1944 [see ante, p. 776] is amended to read as follows: Appeal from a decree of the Surrogate's Court of Orange County. Decree insofar as it denies probate to a script executed by the decedent on December 12, 1941, and propounded by appellant, modified on the law and the facts by striking out the first, second, fifth and sixth ordering paragraphs and in place thereof inserting a provision (a) granting appellant's motion to set aside the verdict of the jury; and (b) admitting the instrument to probate as the last will and testament of testator. As thus modified, the decree, insofar as appealed from, is unanimously affirmed, with costs to appellant, payable out of the estate, and the matter is remitted to the Surrogate's Court for the entry of a decree accordingly. The findings of fact made by the Surrogate's Court have been considered. The finding that at the time of the execution of the paper by decedent on the 12th day of December, 1941, he was of unsound mind and incompetent to dispose of his estate by will is reversed. This court finds that on said date the decedent was of sound mind and competent to make a will and dispose of his estate. The undisputed proof in this record required that the script propounded be admitted to probate. Many of the objectant's witnesses by their testimony in whole or part sustained the proponent's case. The incidents to which other witnesses for objectant testified concerned for the most part occurrences in 1940. Assuming that the testator stuttered or had difficulty in speech immediately after the cerebral seizure, which was limited to the portion of the brain that governed speech, it is quite apparent that he improved and was relieved from that difficulty during 1941 and 1942. In any event, even that defect would not be indicative of lack of testamentary capacity. The business transactions he carried on after his illness in 1940 and before his death, together with the frequent dealings he had with lawyers in respect of testaments and contract matters, make imperative a holding that no issue of fact in, respect of testamentary capacity was raised by the proof adduced by the objectant. (*Matter of Burnham*, 234 N. Y. 475; *Matter of Heaton*, 224 N. Y. 22; *Matter of Burke*, 276

N. Y. 497; *Matter of Hermanowski*, 279 N. Y. 727; *Matter of Fahrenbach*, 285 N. Y. 763.) Present — Close, P. J., Hagarty, Carswell, Johnston and Aldrich, JJ.