In the Matter of the Probate of the Will of MARY J. PATTERSON, Deceased.

Surrogate's Court, Kings County, May 11, 1954.

*Joseph F. Swords* for Gabriel J. Dalton, proponent.

*Nathan Schwartz* for Vera Meyers, contestant.

RUBENSTEIN, S. The issues in this contested probate proceeding were tried before the court without a jury. The propounded instrument is dated February 21, 1949, and decedent died November 13, 1951. Upon the proof, the court is completely satisfied that the instrument was executed as required by section 21 of the Decedent Estate Law. The matters which are urged by contestant pertain to decedent's competency to make a will and alleged undue influence practiced upon her.

The first of these matters may be disposed of summarily. The testimony of the doctors who were called to dispute decedent's competency is not entitled to great weight. Apart from the fact that such testimony is indefinite and uncertain, the few conclusions stated by them are based upon pure guesswork and not entitled to any credence. The strongest evidence concerning decedent's lack of competency relates to a time subsequent to her return from a hospital where she had gone to be treated for a serious bone injury. This was almost eighteen months after the will was executed. This evidence does not serve contestant's cause. " Regardless of the condition of the mind of the decedent at other times, whether before or following the execution of the will, the Court must determine whether at the time of its execution he had sufficient mental capacity to make a will. 1 David, New York Law of Wills, Sec. 32; Cheney v. Price, 90 Hun 238, 243, 37 N. Y. S. 117, 119; Matter of Martin's Will, 82 Misc. 574, 144 N. Y. S. 174; Matter of Burnham's Will, 234 N. Y. 475, 138 N. E. 413." (*Matter of Alexieff*, 94 N. Y. S. 2d 32, 34, affd. 277 App. Div. 790, motion for leave to appeal to the Court of Appeals denied, 277 App. Div. 901.) The proof

is overwhelming that decedent at the time she made the will was competent to do so and fully cognizant of its contents.

The remaining matter concerns the alleged undue influence practiced upon decedent at the time of the execution of the will. This attack is not affirmative in character but stems from the holding in *Matter of Putnam* (257 N. Y. 140). The *Putnam* case declares that where a client makes a will in favor of her lawyer such will is looked upon with great suspicion when the natural objects of her bounty are excluded and, in the absence of a satisfactory explanation, the trier of the fact is warranted in drawing an inference of undue influence. Contrary to the suggestion of contestant's counsel, it is clear from a reading of the *Putnam* case (*supra*), that this inference is rebuttable for the attorney is afforded the opportunity to explain the making of the will. Nor does the inference, if drawn, shift the burden of proof, it still being incumbent upon contestant to establish the undue influence which she charges. (*Matter of Schillinger*, 258 N. Y. 186; *Matter of Kindberg*, 207 N. Y. 220, 228–229; *Matter of Smith*, 95 N. Y. 516, 522; *Matter of Henderson*, 253 App. Div. 140, appeal dismissed, 278 N. Y. 531.)

The proponent, an attorney, is the residuary legatee in the propounded instrument. He was retained by decedent to prepare a will for her and in accordance with her instructions drafted an instrument, which he turned over to an office associate to be placed in final form with the request that he have it executed. The latter prepared the propounded instrument from the draft furnished him by proponent. Later, at the home of decedent in the presence of a friend called in to act as a subscribing witness, the propounded instrument was read aloud by decedent, proponent's office associate following such reading from a copy of the instrument. At the end of each dispositive paragraph decedent paused to state, in effect, that was what she wanted, and at the conclusion of the reading the propounded instrument was executed. The inference which the *Putnam* case (257 N. Y. 140, *supra*) suggests the court may indulge in has been fully explained. Proponent, in addition to proving the factum of the will, offered evidence by decedent's friends and neighbors detailing their relationship and the regard and esteem in which she held him. Contestant complains that this evidence is insufficient for its purpose. In *Matter of Wharton* (270 App. Div. 670, 675, affd. 297 N. Y. 671), the court said: "Gratitude, esteem or friendship which induces another to make testamentary disposition of property cannot ordinarily be considered as arising from undue influence and all these motives are allowed

to have full scope without in any way affecting the validity of the act. (*Children's Aid Society* v. *Loveridge,* 70 N. Y. 387, 394; *Matter of Isham,* 262 App. Div. 929, affd. 287 N. Y. 564.) ''

In the court's opinion, the evidence adduced meets the test suggested in the *Wharton* case (*supra*), and is sufficient to overcome any inference of undue influence. Contestant, in an attempt to discredit the proponent, offered proof that decedent in 1944, caused to be prepared and recorded a deed in which she conveyed her home to herself and husband as tenants by the entirety. It is admitted that proponent did not prepare this deed or have a hand in its execution. It is argued that since the deed was not drawn by proponent, the court should infer that decedent was not friendly to him and had no confidence in his ability. Apart from the lapse of time between the execution of the deed and the propounded instrument, the court points out that at the very time this deed was drawn proponent was in the armed forces of the United States serving in World War II.

The objections are dismissed and probate is decreed.