In the Matter of the Probate of the Will of FRANK HONIGMAN, Deceased. FRANK F. HONIGMAN et al., Appellants; FLORENCE HONIGMAN, Respondent.— In a proceeding to probate a will, the appeal is from a decree of the Surrogate's Court, Queens County, denying probate, after a jury determination that, at the time of the execution of the will, decedent lacked testamentary capacity solely because of a mental delusion that respondent, his wife, was unfaithful. Decree reversed upon the law and the facts, with costs, payable out of the estate, and proceeding remitted to the Surrogate's Court for entry of a decree admitting the will to probate. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Lack of testamentary capacity may not be based upon a mental delusion if there is any factual basis, however slight, for the belief alleged to be a delusion (*Matter of Hargrove,* 262 App. Div. 202, affd. 288 N. Y. 604). Such a factual basis exists in this record, even though an affirmative finding of unfaithfulness would be unwarranted. There should have been no submission to the jury because the evidence was not sufficient to sustain a verdict that decedent "was the victim of such a delusion * * * as to prevent his affections from operating in their natural channel" (*Dobie* v. *Armstrong,* 160 N. Y. 584, 590). The record impels the finding that there were other good and sufficient reasons for the testamentary disposition made by the decedent. A finding of lack of testamentary capacity was, therefore, unwarranted (*Matter of Nicholas,* 216 App. Div. 399, affd. 244 N. Y. 531). The hypothetical medical testimony of testamentary incapacity was insufficient to create a jury question in the face of the evidence, in the record, tending to establish capacity (*Matter of Burnham,* 201 App. Div. 621, affd. 234 N. Y. 475). If we were not directing the admission of the will to probate, we would nevertheless reverse the decree appealed from and would order a new trial for the improper admission of testimony, offered by respondent, in violation of section 347 of the Civil Practice Act, the objection to which was overruled

upon the ground that appellants Honigman and Hoerschelman had opened the door thereto by failing to object to previous testimony, also offered by respondent, which was likewise objectionable. The failure to object to evidence, incompetent under section 347 of the Civil Practice Act, does not open the door to additional incompetent evidence (*McMurray* v. *Ennis*, 14 N. Y. S. 635; *Ludwig* v. *Goldenberg*, 71 Misc. 119). Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur; Wenzel, Acting P. J., dissents and votes to affirm, with the following memorandum: In my opinion, the evidence adduced was sufficient to present an issue of fact as to decedent's testamentary capacity at the time he signed the will, and the jury's verdict upon that issue is supported by the proof and by the fair inferences which may be drawn therefrom. It is also my opinion that the error, if any, with respect to the admission of evidence did not affect any substantial right of the appellants.