S. Samuel Di Falco, S.
In this accounting of the executor, he requests a construction of paragraph fourth of decedent’s will which reads as follows:
‘ ‘ fourth : I give and bequeath to Josephine i. morrison, daughter of my cousin, Isabel J. Morrison, and to my friends, ward b. Chamberlin and Frederick g. weisser, as joint tenants, the survivors and survivor of them, all the personal property that I may own at the time of my decease, excepting the articles to be included in the sale of my residence at Bar Harbor and the garage adjacent thereto, as hereinabove directed, and excepting also cash in hand, or on deposit, bonds, mortgages, stock certificates, investment securities, insurance policies, book accounts, choses in action, notes and other tokens of indebtedness, and such articles as are hereby specifically bequeathed.
“ It is my earnest desire, however, without attempting to limit in any manner the gift hereunder, that the legatees named in this clause of my will, the survivors or survivor of them, shall distribute to and among my relatives and friends the articles hereby bequeathed in accordance with such memoranda as may be contained in certain written instructions signed by me which will be found among my effects. ’ ’
Ward B. Chamberlin predeceased the testatrix. Josephine I. Morrison and Frederick Gr. Weisser, the executor, survived the decedent. It appears that not all of the property described in paragraph fourth of the will was mentioned in memoranda left by the decedent. In connection with the probate of the will the executor submitted an affidavit to explain the circumstances of the gift and in which he stated that Josephine I. Morrison and he had agreed to distribute the articles so bequeathed in paragraph fourth in accordance with the written instructions of the decedent and that any articles not to be distributed in accordance with such memoranda would be returned to the estate and sold for its account.
The petition and account show that the articles not mentioned in the memoranda were sold and the proceeds deposited in a special fund. The testatrix left a substantial estate and the special fund involved in the controversy is approximately 1.2% *348 of the gross value of the assets. The executor seeks a determination as to the disposition of this special fund.
Respondent Morrison denies in her answer that she agreed that any articles bequeathed to her in paragraph fourth should be returned to the estate and sold for its account. She alleges that if she had made such an agreement it would have been without consideration and not binding upon her. She denies that she intended to or did in fact renounce the bequest made to her in paragraph fourth of the will. She contends that the bequest therein is absolute and that joint tenant Weisser, having renounced his right therein by the affidavit filed in the probate proceeding, the special fund is payable to her. Executor Weisser counters in his reply that if it be held the special fund is not part of the residuary estate, that it should be divided equally between respondent Morrison and him. He argues that if his affidavit filed in the probate proceeding is construed to be a renunciation it was made only because of respondent Morrison’s agreement that any articles not mentioned in the memoranda should be returned to the estate and sold for its account. His affidavit should not be construed as a relinquishment of any of his rights in favor of respondent Morrison. A stipulation has been submitted which provides that a decision may be made upon the papers and without a hearing or oral argument.
A renunciation in order to be effective must be clear and unequivocal. Under the circumstances presented herein the court holds that the affidavit filed by the executor in the probate proceeding to explain the gift in accordance with Matter of Putnam (257 N. Y. 140) was not a renunciation of the legacy in favor of his joint tenant. The special fund should be divided equally between the two joint tenants. The compensation paid to the attorneys for the executor is approved.