Christopher C. McGrath, S.
This contested probate proceeding was tried before the court without a jury. The propounded instrument is dated February 8, 1960 and the decedent, a spinster, was about 80 years of age when she died on June 19, 1965. Under the terms of her will, testatrix gave two legacies of $500 each to a priest for the purpose of having Masses said for herself and her predeceased sister. The remainder of her estate she bequeathed in equal shares to the attorney draftsman of her will and the attorney’s son, with the latter being named as the executor. The residuary legatees were not related to the decedent.
The decedent’s sole distributees, four nephews and nieces, have filed objections to probate. They allege that the propounded instrument was not properly executed, that the decedent lacked testamentary capacity and that the paper writing was the product of the fraud and undue influence of the attorney draftsman and his son.
From all the evidence and testimony adduced at the trial herein, the court is satisfied that the propounded paper was duly executed and that, at the time of the execution, the testatrix; was of sound mind, competent to make a will and fully cognizant of its contents.
There remains for determination, the question of the fraud and undue influence allegedly practiced upon the decedent when the attorney draftsman caused the testatrix to execute a will in favor of himself and his son. After the proponent had completed his proof concerning the factum of the alleged will, he rested his case. At this point in the trial, in the usual situation, *153 where undue influence is alleged, it would now be incumbent upon the contestants to come forward with their evidence of undue influence as an affirmative assault on the validity of the will, since they have the burden of proof on this issue. However, the contestants also rested their case at this point of the trial and offered no affirmative proof whatsoever that the propounded paper was the product of the undue influence of the attorney draftsman and his son. Although the burden of proving undue influence never shifts from the contestants (Matter of Kindberg, 207 N. Y. 220, 228-229; Matter of Schillinger, 258 N. Y. 186; Matter of Kaufmann, 14 A D 2d 411, 413; Matter of Wharton, 270 App. Div. 670, affd. 297 N. Y. 671), where, as in this case, a client makes a will in favor of her lawyer to the exclusion of the natural objects of her bounty, such will is looked upon with great suspicion by the law and, in the absence of a satisfactory explanation, the trier of the facts is warranted in drawing an inference of undue influence (Matter of Putnam, 257 N. Y. 140). This inference of undue influence is rebuttable (Matter of Patterson, 206 Misc. 268, 270).
In view of the rule laid down in the Putnam case, it is the opinion of this court that, in addition to the factum of the will, it was incumbent upon the attorney draftsman to come forward and explain the circumstances under which he became a principal beneficiary of decedent’s will; and to show that no unfair advantage was taken of his client and that the alleged gift was freely and willingly made (Matter of Putnam, supra; Matter of Kaufmann, supra; Matter of Satterlee, 281 App. Div. 251; Matter of Carpen, 15 A D 2d 773).
This duty of explanation was cast upon the attorney draftsman and, since he elected to proffer no explanation of any kind to repel any inference that the confidential relationship between the parties had given rise to any improper influence, on the present state of the record, the court is compelled to draw an inference of undue influence by the attorney draftsman (Matter of Putnam, supra). Accordingly, even though there was no direct or affirmative evidence of undue influence, the court holds that the propounded paper was procured and executed through the undue influence exerted upon the decedent by the attorney draftsman. The propounded paper will be denied probate.