■ In the Matter of MARGARET DELOREY, Also Known as MARGARET T. DELOREY, Also Known as TESSIE DELOREY, Deceased. JOSEPH P. PLONSKY, Appellant; ELIZABETH MURPHY et al., Respondents.—In a probate proceeding, the petitioner appeals from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated May 21, 1986, which denied probate of the will.

Ordered that the decree is affirmed, with costs.

The petitioner Joseph P. Plonsky is the attorney draftsman of a will which named him as the sole legatee. The decedent is survived by 2 nephews, 2 nieces, 2 grandnephews and 1 grandniece of a predeceased niece, none of whom are named in the will. While the petitioner prepared the will, he mailed

it to the decedent with instructions for its execution, without involvement on his part. The distributees were duly cited by citation returnable August 1, 1985, on which date the matter was marked for decree, without opposition. At the request of the Surrogate, the petitioner submitted an affidavit which outlined his relationship with the decedent and detailed the duration and quality of the friendship and the work done for the decedent in the last 20 years of her life. The court, on its own motion, scheduled a *Putnam* hearing *(see, Matter of Putnam,* 257 NY 140).

At the hearing, the subscribing witnesses attested that the will had been duly executed by the decedent at her bank in October 1976, and that they had not met the petitioner prior to the subject proceeding. The only other witness was the petitioner who described a personal and attorney relationship of long standing during which he performed many acts of kindness for the decedent. He stated that the decedent "appeared to be under no influence, undue or otherwise". With respect to the decedent's will, the petitioner testified that decedent telephoned his office in September 1976 and told him she wanted him to draw a will naming him as executor and leaving everything to him, after the payment of all bills. She gave him instructions to mail the document to her. Upon receiving it, she called him again and told him she was going to have it executed at the bank. About a month later, she mailed it to him, fully executed. The petitioner conceded that he never advised her to have the will drawn by someone other than himself although he knew that, under the Code of Professional Responsibility, he should have done so.

The Surrogate denied probate of the will, finding the testimony of the attorney alone insufficient to overcome the inference of undue influence. We agree.

It has long been held that an inference of undue influence may be justified when the attorney scrivener of a will is a legatee *(Matter of Putnam, supra).* The *Putnam* court advised attorneys to have the will drawn by another attorney if the client intends to leave them a bequest. Such wills are viewed with suspicion by the law, notwithstanding the lack of any direct proof of undue influence on the part of the attorney. Proof that the gift was freely and willingly made is required before it can be sustained *(Matter of Putnam, supra,* at 143).

Code of Professional Responsibility EC 5-5 and 5-6 have memorialized the *Putnam* rule. "While recognizing that * * * [they] are not to be elevated to the status of decisional or statutory law, nonetheless the courts should not denigrate

them by indifference" *(Matter of Weinstock,* 40 NY2d 1, 6). Consequently, when, as here, an attorney who is unrelated to his client draws that client's will in which he is named sole legatee and, in contravention of EC 5-5, fails to advise the client to seek another attorney, he triggers the *Putnam* inference of undue influence, and it is then incumbent upon him to rebut such presumption.

The petitioner admits on appeal that he is so encumbered, but disputes the court's finding that his testimony alone was insufficient to rebut the inference. He also contends that his failure to advise his client to seek another attorney was a mistake in judgment, but that his total disassociation with the execution of the will mitigated the impropriety.

Upon our review of this record, we find that the Surrogate correctly determined that the testimony of the attorney draftsman alone was insufficient to rebut the inference of undue influence *(see, Matter of Eckert,* 93 Misc 2d 677, 681, *affd* 70 AD2d 801). In *Eckert,* the testimony of the attorney drafter, named as the beneficiary of a will, was held to be insufficient to rebut the inference of undue influence, particularly "in view of the bias attributable to him * * * and the overly large share of his legacy".

Accordingly, under the circumstances of this case, the Surrogate properly denied probate of the will at issue. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.