OPINION OF THE COURT
Lee L. Holzman, J.
In this probate proceeding, the propounded instrument bequeaths one half of the residuary estate and a legacy of $5,000 to the attorney-draftsman. The draftsman is also the nominated executor. The propounded instrument is dated March 5, *704 1980. Decedent died on April 26, 1990 at the age of 81 years. Although the draftsman is one of the decedent’s distributees, he would only receive one tenth of the estate if decedent had died intestate because decedent’s distributees are four sisters and two nephews, including the draftsman, who are the sons of a predeceased sister.
The law is well settled that undue influence may be inferred on the part of an attorney who drafts a will in which the same attorney appears as a beneficiary (Matter of Putnam, 257 NY 140; see also, Matter of Tank, 132 Misc 2d 146; Matter of Arnold, 125 Misc 2d 265). However, it is not well settled what action, if any, the court should take where the will contains such a bequest but no objections to probate have been filed. This issue is not discussed in Matter of Putnam (supra), nor is there any statutory or uniform court rule that offers any guidance. An informal poll of members of the Surrogate’s Law Association indicates that a gamut of procedures is utilized. The procedural spectrum includes taking no action whatsoever, requiring the attorney-beneficiary to file an affidavit, referring the matter to a court attorney-referee to hear and report, and holding formal hearings before the court where the provisions of CPLR 4519 are applied and the attorney-beneficiary is precluded from testifying about any personal transaction with the decedent which led up to the bequest. Furthermore, some courts do not render a written decision while others do write a decision which may either appear for publication in the New York Law Journal or may merely be placed in the file.
The Legislature is apparently satisfied to leave it to the trier of the facts to determine whether an inference should be drawn against the attorney-beneficiary because no legislation has been enacted imposing a more rigid prohibition against an attorney receiving a bequest under any will drafted by that attorney. Similarly, EC 5-5 of the Code of Professional Responsibility provides that a lawyer should never suggest a gift, that the client should be advised to secure disinterested advice before making such a gift, and that the attorney should attempt to prevail upon the client to have another attorney prepare the will.
It is beyond question that Judges are charged with the responsibility of regulating the conduct of attorneys who appear before them to insure that they are acting in a manner that conforms with the high professional standard which is undoubtedly met by most members of the bar and *705 which the public is entitled to expect. Therefore, courts have reduced counsel fees which are outside the boundaries of reasonableness even though no other interested party has formally complained about the fee (Matter of First Natl. Bank v Brower, 42 NY2d 471; Gair v Peck, 6 NY2d 97).
Counterbalancing any possible need for unilateral judicial intervention in attorney-beneficiary situations is the reality that an expanding tendency to litigate coupled with decreasing funds in real dollars has taxed our judicial system close to the breaking point in adjudicating litigation where the parties are clamoring for a determination. Moreover, and of equal or greater significance, the judicial system, unlike administrative agencies, seeks to avoid the appearance of unfairness that arises from the same body being both accuser and adjudicator of the charge. Ideally, the appropriate procedures to be followed in the case of an attorney-beneficiary should be uniform and determined by legislative fiat or uniform court rule. Until further guidance, this court shall follow a procedure which seeks to balance the goal of preventing any lay person, as a result of ignorance of the law, from incurring any economic injury arising from the wrongful conduct of an attorney against the goal of avoiding costly inquiries in those estates where no interested party has shown any interest in pursuing the inquiry.
Consequently, this court shall not embark upon any time-consuming unilateral inquiry as to the propriety of the bequest in those estates where all of the parties adversely affected by it are not under any legal disability and have made an informed decision not to pursue the validity of the bequest. This informed decision shall be reflected by each distributee and each beneficiary under the will who is adversely affected by the bequest either having signed a waiver of process or having been served with process containing plain language indicating that X, an attorney, receives a bequest consisting of Y (specific description of benefits under the will), and that an inference can be drawn that the provisions in the will for the benefit of X are invalid on the ground of undue influence inasmuch as X also prepared the will. The waiver shall additionally state that the undersigned has been informed that the signing of this document constitutes a waiver of the right to contest any provision in the will, including the bequest to the attorney. The citation shall contain similar language relative to the failure to appear or file objections by its return date. In addition, the attorney shall file an affidavit *706 detailing his relationship with the decedent and the circumstances which resulted in the drafting of the instrument which contained the bequest to the attorney.
In those matters where all of the parties have made an informed decision not to contest the bequest and the uncontroverted statements of fact set forth in the affidavit are sufficient to satisfy any inference of undue influence that might otherwise be drawn (see, SCPA 509), the will, including the bequest to the attorney, shall be admitted to probate without any additional inquiry and without rendering an opinion. Since the attorney participated in the events which resulted in there being an attorney-drafter-beneficiary, it is appropriate for the attorney to bear the costs, legal or otherwise, incidental to obtaining the informed decision of all parties and the required affidavit. Of course, in those cases where a party adversely affected by a legacy is under a legal disability, a guardian ad litem shall be appointed who shall have the duty to fully explore and, if warranted, litigate whether the circumstances which resulted in the bequest render it in any way invalid.
In the instant matter, counsel has obtained informed consents from all of the required parties, filed an affidavit explaining the circumstances surrounding the bequest, and established that the instrument is otherwise entitled to be admitted to probate.