■ In the Matter of CHRISTINE D. HENDERSON, Deceased. IRVIN HUSIN, Appellant; CATHERINE ALSTERLUND, Respondent. —In a contested probate proceeding, the proponent of the will appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated January 29, 1990, as granted the objectant's motion to disqualify proponent's counsel and denied that branch of the proponent's cross motion for summary judgment which was to dismiss the objection to the will which alleged fraud and undue influence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the objectant personally, the objectant's motion is denied, and the proponent's cross motion is granted in its entirety.

Summary judgment was improperly denied since the objectant failed to raise a triable issue of fact as to whether undue influence was exercised by the proponent, who was the decedent's long-time attorney, by the proponent's law partner, or by the attorney who drafted the will. Nor was a triable issue of fact sufficiently raised as to the existence of fraud. Unsup-

ported conclusions and unsubstantiated allegations are insufficient to raise a triable issue of fact *(see, Coleman v Village of Head of the Harbor,* 163 AD2d 456). A mere showing of opportunity and motive to exercise undue influence is likewise insufficient to present a triable issue of fact, without evidence that such influence was actually exercised *(see, Matter of Walther,* 6 NY2d 49, 55; *see also, Matter of Philip,* 173 AD2d 543). We have considered the proponent's contention that *Matter of Putnam* (257 NY 140) applies in this case so as to create an inference of undue influence. We find that the facts in this case are distinguishable from those in *Putnam (supra)* which holds that a lawyer who drafts a will making himself or herself, or a member of his or her family a bequest, is required to explain the circumstances and show that the gift was made freely and willingly. The attorney who drafted the decedent's will was not a beneficiary thereunder; therefore, *Matter of Putnam (supra)* does not apply here.

Further, the Surrogate's Court incorrectly concluded that disqualification of the proponent's attorney was required *(see, People v Paperno,* 54 NY2d 294; *see also, Matter of Bartoli,* 143 AD2d 830). Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.