■ In the Matter of the Estate of GUSSIE MILLER, Deceased. LOUIS L. FRIEDMAN, Appellant; SAMUEL MILLER, Respondent. [632 NYS2d 817] —In a probate proceeding, Louis L. Friedman, as executor of the estate of Gussie Miller, appeals from an order of the Surrogate's Court, Kings County (Bloom, S.), dated August 3, 1994, which, *inter alia*, granted the application of Samuel Miller to vacate a decree of the same court dated September 20, 1993, which admitted to probate the last will and testament of Gussie Miller, and granted Samuel Miller leave to file objections to probate.

Ordered that the order is reversed, with costs payable by Samuel Miller personally, the application is denied, and the matter is remitted to the Surrogate's Court, Kings County, for further proceedings in accordance herewith.

On December 4, 1989, Gussie Miller executed her will, which had been drafted by her attorney, Louis L. Friedman, the appellant. Under the will she bequeathed $1,000 to her brother Samuel Miller, the respondent, and the remainder of her estate to the appellant, in trust, for the benefit of "such organizations as in his sole discretion he shall deem worthy of receiving contributions". The only conditions imposed upon the appellant's discretion in selecting organizations were that "some of the funds to be contributed be for the benefit of epileptic people", and that the appellant "may require", as a condition for any or all contributions, that a suitable memorial to Gussie and her deceased brother Melvin Miller be erected.

Gussie Miller died in 1993, survived by one brother, the re-

spondent, who executed a waiver and consent to probate that the appellant had forwarded to him at his Florida home, with a copy of the will. Following that waiver, the Surrogate's Court granted probate of the will on September 20, 1993. Approximately nine months later, by petition dated June 13, 1994, the respondent moved to withdraw his waiver and consent to probate and to have the probate decree vacated. The petition, in pertinent part, alleged that the waiver and consent was obtained by the appellant, who was also the executor of the estate, as a result of "misrepresentation, fraud, coercion, dishonesty and mistake", and that the residuary provisions of the will, which "leaves almost all of the estate to Mr. Friedman, as trustee, to distribute to any person or group as he so finds fit", is the product of Friedman's undue influence over Gussie Miller and, as such, should not be permitted. The appellant's affidavit in opposition outlined his relationship with the decedent and the duration and quality of their relationship. He alleged that, "I state here categorically that I will not under any circumstances make any provision from Gussie Miller's Estate to myself or any member of my family". The appellant attached a "tentative" list of organizations that he was considering for distributions from the estate. The Surrogate then set the matter down for a *Putnam* hearing (*see, Matter of Putnam*, 257 NY 140). However, on the date of the scheduled *Putnam* hearing, the Surrogate informed the parties, without conducting a hearing, that he was revoking the decree granting probate of the will because in the Surrogate's view the appellant failed to disclose the provision of the will under which he could arguably distribute the residuary estate to himself. Thereafter, the Surrogate issued the order being appealed.

We disagree with the determination of the Surrogate's Court. In the *Matter of Putnam* (257 NY 140, *supra*), the Court of Appeals held that, in the absence of an explanation, an inference of undue influence arises when an attorney has drafted a will in which he or she is a beneficiary. While the burden of establishing this undue influence lies with the objectant and does not shift, once the inference of undue influence is established, the drafter of the will has the burden of offering an explanation, other than his or her influence, for the contested will (*see, Matter of Putnam, supra; Matter of Collins*, 124 AD2d 48).

We find that the Surrogate improvidently exercised his discretion in revoking the decree admitting Gussie Miller's will to probate. His finding that the petitioner had satisfied all the elements necessary for the court to vacate its decree is not

supported by the record. Given the evidence of the estrangement between the deceased and the respondent, the negligible amount of the bequest to him under the will, the fact that the respondent waited nine months before seeking to annul his consent, and the detailed and largely undisputed affidavit of the appellant, there was no basis in the record to nullify the order granting probate of the will (*see, Matter of Frutiger*, 29 NY2d 143).

We note, in relation to the concern expressed by the Surrogate in his decision about the appellant being a "permissible recipient", that the Attorney-General is required to be given notice. Rosenblatt, J. P., Ritter, Joy and Krausman, JJ., concur.