■ In the Matter of the Estate of FRANCES SEAWARD CRISSY, Also Known as FRANCES S. CRISSY, Deceased. LAWRENCE J. KONCELIK, JR., Respondent; F. TERRY HICKEY, Appellant. [826 NYS2d 628]—

In a contested probate proceeding, the objectant appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Suffolk County (Czygier, S.), entered September 28, 2005, as denied her motion for partial summary judgment on her objection to probate alleging undue influence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The proponent, Lawrence J. Koncelik, Jr., is an attorney who drafted a will for the deceased and is also one of its beneficiaries. The objectant, the deceased's daughter, moved for partial summary judgment, seeking to have that portion of the will benefitting Koncelik expunged or otherwise invalidated on the ground that, as a matter of law, Koncelik exercised undue influence on the testator. The Surrogate's Court found that there were issues of fact with respect to this issue and, accordingly, denied the motion. We affirm.

The objectant satisfied her prima facie burden of establishing her entitlement to judgment as a matter of law but, in opposition, Koncelik raised triable issues of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Since Koncelik drafted the challenged will naming him as one of its beneficiaries, an inference of undue influence arose (*see Matter of Putnam,* 257 NY 140; *Matter of Miller,* 220 AD2d 591, 592 [1995]). However, Koncelik came forward with evidence of a legitimate explanation for the bequest; namely, a preexisting relationship of friendship and trust with the testator (*see Matter of Putnam, supra; Matter of Miller, supra; Matter of Tank,* 132 Misc 2d 146, 149 [1986]).

The objectant's remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.